The CITY AND COUNTY OF
DENVER, Petitioner,

v.

The Honorable Richard P. MATSCH,
Judge, United States District
Court, Respondent,

and

Citizens Concerned For Separation of
Church and State, Real Party
in Interest.

No. 80–2087.

United States Court of Appeals,
Tenth Circuit.

Dec. 3, 1980.

## MEMORANDUM ORDER GRANTING PETITION FOR WRIT OF PROHIBITION

Before BARRETT, DOYLE and McKAY, Circuit Judges.

BARRETT, Circuit Judge.

THIS MATTER is before the Court on a Petition for Writ of Prohibition filed by the City and County of Denver seeking an order prohibiting the United States District Court for the District of Colorado and the Honorable Richard P. Matsch, presiding, from conducting further proceedings in Civil Action No. 79–M–1605, styled *Citizens Concerned for Separation of Church and State v. The City and County of Denver.*

Following the filing of the petition, this Court stayed the District Court's order of October 14, 1980, setting down Plaintiff's Motion for Jurisdictional Hearing for October 24, 1980, at 1:30 p. m. In accordance with Rule 21(b), Fed.Rules of App.Proc., 28 U.S.C., we further ordered that (a) Real Party in Interest, Citizens Concerned for Separation of Church and State, file an answer to Petition on or before October 30, 1980, at 5:00 p. m., and (b) the respective parties to this controversy file concurrent typewritten briefs directed to the power of the District Court to entertain the jurisdictional hearing in light of our prior opinion in No. 79–2303, *Citizens Concerned, Etc. v. City and Cty. of Denver,* 628 F.2d 1289 (10th Cir. 1980).

On October 30, 1980, Citizens Concerned for Separation of Church and State (hereinafter referred to as Citizens) filed its "Response", thereafter supplemented on November 3, 1980. Petitioner, The City and County of Denver (hereinafter referred to as City County) did not file a supplemental brief on or before November 3, 1980, apparently relying on its contentions and authorities cited in its Petition for Writ of Prohibi-

tion. Respondent, Honorable Richard P. Matsch, Judge, United States District Court, has not filed an appearance. We have determined that oral arguments would not lend material assistance to the Court and, accordingly, the Petition is considered on the record, pleadings, responses and briefs.

## Preliminary Background

On September 4, 1980, this Court rendered its opinion in *Citizens Concerned, Etc. v. City and Cty. of Denver, supra*, whereby, in conclusion, we stated:

In light of our holding that we are without jurisdiction over this cause on appeal, we cannot reach the merits of the dispute involving the alleged violation of the Establishment Clause of the First Amendment to the United States Constitution by reason of the Nativity Scene display.

The appeal is dismissed and the cause is remanded to the District Court with instruction to vacate the judgment of December 17, 1979, for want of jurisdiction. 628 F.2d at p. 1301.

On October 6, 1980, Citizens filed a Motion for Jurisdictional Hearing with the District Court, seeking to cure its failure to prove standing to sue at the consolidated hearing leading to this Court's opinion of September 4, 1980. On October 14, 1980, the District Court, over objection of City–County, entered its "Memorandum Opinion and Order Interpreting Mandate, Vacating Judgment and Directing Evidentiary Hearing on Jurisdiction".

The Court noted that at the October 14th hearing, Citizens "... made an offer of proof, indicating that if an opportunity is provided, the plaintiff would establish that it is a voluntary association whose members are citizens and taxpayers of the City and County of Denver who are adversely affected by the City's inclusion of a religious scene in the annual lighting display at the City and County Building and that such evidence would clearly establish standing and jurisdiction for the case or controversy brought in this civil action." At the same hearing, City·County was asked if it intended to construct a lighting display, including the Nativity Scene in a manner comparable with that shown in the evidentiary record of this case in December, 1980 and January, 1981. The response was that the City·County did intend to construct such a display for this holiday season.

The Court cited to *Coppedge v. Clinton*, 72 F.2d 531 (10th Cir. 1934) for the proposition that a full retrial of the merits should not be required where the issue of jurisdiction was first raised on appeal and that a hearing on the issue should be held on remand. The District Court noted that this Court did not direct dismissal of the action, as urged by City–County, but "... only directed the vacation of the judgment entered in this court on December 17, 1979." The District Court further cited *Estate of Whitlock v. Commissioner of Internal Revenue*, 547 F.2d 506 (10th Cir. 1976), *cert. denied*, 430 U.S. 916; 97 S.Ct. 1329, 51 L.Ed.2d 594 (1977), for the proposition "... that the opinion of the appellate court may be consulted to determine the intent of its mandate and that if the lower court believes the mandate to be unclear, it can make a decision reflecting its understanding of that mandate."

Based thereon, and while recognizing that the "acute awareness of the public interest shown in the previous proceedings in this case and the divisive effect it has had" the Court found and concluded "... that this Court has not been directed to dismiss the action and that it has jurisdiction to determine standing and, therefore, to determine whether a justiciable case or controversy was before this Court at the time of the hearing on December 12, 1979..."

## Contentions of the Parties

It is City–County's position that the Trial Court's order convening a "jurisdictional hearing" is in excess of its authority under our mandate which "... granted no relief to the Respondent [Citizens] but simply remanded for the vacation of the trial court's judgment for want of jurisdiction."

Citizens contends that the District Court's decision to take evidence on standing does not constitute an abuse of discretion justifying the issuance of the Writ of Prohibition, citing to *Sierra Club v. Morton*, 405 U.S. 727, 735–736, n. 8, 92 S.Ct. 1361, 1366, n. 8, 31 L.Ed.2d 636 (1972), *Warth v. Seldin*, 422 U.S. 490, 501–502, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 45, n. 25, 96 S.Ct. 1917, 1927, n. 25, 48 L.Ed.2d 450 (1976), *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 109, n. 22, 99 S.Ct. 1601, 1613, 60 L.Ed.2d 66 (1979), *Whitelock v. Leatherman*, 460 F.2d 507, 515 (10th Cir. 1972) and *Buell v. Sears, Roebuck and Co.*, 321 F.2d 468, 471 (10th Cir. 1963) for the proposition that "Litigants are to be given full opportunity to correct any deficiencies in allegations or proof in order to sustain their standing before the federal courts."

## Our Disposition

### A.

In our view, the authorities relied upon by the Trial Court and Citizens miss the mark.

*Coppedge v. Clinton, supra*, does not support the District Court's order. The challenge there was lack of jurisdiction for want of requisite diversity of citizenship. This Court did, to be sure, remand for trial on the jurisdictional issue only. The remand in *Coppedge*, unlike the remand in the instant case, was predicated on the use of improper legal criteria applied by the trial court. Such was not the problem in the case at bar. Jurisdiction was simply not established, although properly plead. No mistake in application of legal doctrines or criteria led to the deficiency in this case, as in *Coppedge*. There is no similarity between the two cases.

In the instant case, there is no basis in the record to support the judgment, notwithstanding the fact, as previously observed, that paragraph 3 of Citizens' complaint did, in a pleading sense, contain ". . . adequate factual allegations to establish standing." Thus, we clearly recognized that there was no deficiency in Citizens' complaint, *per se*, but that under the circumstances of the proceedings (no answer filed or required and cause submitted on a consolidation of the preliminary with the permanent injunction request as permitted under Rule 65(a)(2)) that ". . . the burden of establishing all jurisdictional facts was squarely that of the petitioner, Citizens, when the District Court hearing was held." (628 F.2d at p. 1298). We further said that ". . . at a hearing upon consolidation pursuant to rule 65(a)(2), *supra*, for permanent injunction, the plaintiff cannot hold back evidence and must fully develop his case" (628 F.2d at p. 1300) and ". . . this appeal must be dismissed on the ground that . . . Citizens, has failed to establish on the record that any constitutionally protected interest of it or its members has been abridged by the challenged display of the Nativity Scene." (628 F.2d at p. 1294).

Citizens' reliance on *Sierra Club v. Morton, supra, Warth v. Seldin, supra, Simon v. Eastern Ky. Welfare Rights Org., supra, Gladstone Realtors v. Village of Bellwood, supra, Whitelock v. Leatherman, supra*, and *Buell v. Sears, Roebuck and Co., supra*, is misplaced. Those opinions deal with *defects in pleadings* relating to the adequacy of allegations of standing. They hold that litigants should be accorded liberal rights to amend the complaint or by other pleadings in order to cure the jurisdictional defects existing in the allegations. We have no quarrel with those decisions. They do not, however, apply to the case at bar.

We reiterate and emphasize that *no* jurisdictional defects existed in the complaint or allegations in the case at bar. We specially recognized this fact in our opinion. The defect, we pointedly observed, was that of proof. Citizens failed to ". . . present any evidence, direct or circumstantial, relative to its organizational status, structure, purpose or relationship with any person or persons. Witnesses called by Citizens did not testify relative to Citizens or their associational relationship thereto. Furthermore, no witness testified that he or she was a taxpayer of the City and County of Denver

of the State of Colorado. To be sure, the witnesses did testify to matters going to the merits of the First Amendment claims." (628 F.2d at p. 1298).

Thus, reliance on a long line of cases, including *Whitelock v. Leatherman, supra,* and *Buell v. Sears, supra,* decided by this Court, which recognized that jurisdictional defects *which could be cured by proper amendment of the pleadings* (technical omissions obvious in the record) should be conditionally required on remand in order to serve the interest of conservation of judicial resources, has no application here. This is so simply because there have *never been* any defects in the complaint or pleadings. The sole defect was and is in the utter failure to present *any evidence* proving its jurisdictional requisite of standing.

### B.

 Article III of the Constitution limits federal judicial power–i. e., federal court jurisdiction–to "cases" and "controversies". The limitation has been said to serve two complementary purposes–first, it limits the business of the federal courts to "questions presented in an adversary context and in a form historically viewed as capable of resolution through the judicial process" and, second, it defines the "role assigned to the judiciary in a tripartite allocation of power to assure that the federal courts will not intrude into areas committed to the other branches of government." *Flast v. Cohen,* 392 U.S. 83, 95, 88 S.Ct. 1942, 1949, 20 L.Ed.2d 947 (1968).

We have previously opined that, on its face, and from the record, there is no question that the issue presented for appellate resolution–the substantial issue involving the display of the Nativity Scene under the circumstances of the record–unquestionably meets the adversarial criteria in a form capable of resolution. What we are now deeply concerned with, however, is a determination of whether the "personal–stake" requirement relating to the first purpose of the "case–or–controversy" doctrine can be "rehabilitated" in a record leading to judgment completely devoid of evidence establishing standing in the "personal stake" sense by means of a supplemental proceeding directed solely to such evidence. In terms of preservation of valuable judicial time and resources–and that of the interested parties–such a proceeding has great merit. It does not, however, aid us in squarely facing the "personal stake" requirement, because, in its absence, the judgment rendered is void, not voidable.

 The threshold requirement of standing in the "personal stake" concern to assure that the "concrete injury required by Article III" is satisfied throughout the action. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975). An actual "case or controversy" in the constitutional sense "must be extant at all stages of review." *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). Inasmuch, then, as the issue is one of power, the practical importance of review cannot control. *Sosna v. Iowa, supra; Richardson v. Ramirez,* 418 U.S. 24, 36, 94 S.Ct. 2655, 2662, 41 L.Ed.2d 551 (1974). Furthermore, great public interest in the outcome of the issue in controversy cannot serve as a substitute or replacement for the necessary individual interest in the outcome. *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974).

Mr. Justice Powell, in his dissenting opinion in *United States Parole Comm'n. v. Geraghty,* 445 U.S. 388, 409, 100 S.Ct. 1202, 1215, 63 L.Ed.2d 479 (1980), pertinently observed, *inter alia:*

> Cases that no longer " 'touc[h] the legal relations of parties having adverse legal interests,' " are moot because "federal courts are *without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971)...

> \* \* \* \* \* \*

> . . . the rule barring litigation by those who have no interest of their own at stake is applied so rigorously that it has been termed the "one major proposition" in the law of standing to which "the

federal courts have consistently adhered ... without exception." Davis, Standing: Taxpayers and Others, 35 U.Chi.L. Rev. 601, 617 (1968).... We have insisted upon the personal stake requirements in mootness and standing cases because it is embedded in the case–or–controversy limitation imposed by the Constitution, "founded in concern about the proper and properly limited–role of the courts in a democratic society." *Warth v. Seldin,* 422 U.S., at 498, 95 S.Ct. at 2204.

445 U.S. at pp. 411, 412, 100 S.Ct. at p. 1216.

### C.

The Petition is hereby granted.[1] The District Court is directed to cease and desist from conducting further hearings or proceedings in this cause. The judgment of the District Court of December 17, 1979, vacated by this Court for want of jurisdiction is a nullity. In vacating the judgment, it was the clear intent of this Court to dismiss the underlying complaint and action for failure to comply with fundamental jurisdictional prerequisites.

Let the Writ Issue.

McKAY, Circuit Judge, concurs in the result.

WILLIAM E. DOYLE, Circuit Judge, dissenting.

I respectfully disagree with the majority opinion.

The cause has been, it is true, ordered to be dismissed and at least part of Judge Barrett's opinion is correct for the reason that there is nothing left of the lawsuit and therefore, there is nothing to repair or add to it. No doubt this is true. That factor can be remedied easily however by an order reinstating the complaint with directions to the district court to perform such repair work and additions as are necessary so that it passes procedural scrutiny. It is fundamental that where there is a lack of juris-

diction it does not have any effect on the cause of action. No adjudication affecting the cause has been rendered. It follows, of course, that the complaint is open to amendment and such should have been carried out.

Furthermore we must take judicial notice of the fact that the plaintiffs have now filed a new action in the district court. That effectively results in this matter becoming moot. Hence it is unnecessary to pursue the issue of whether the complaint can be amended or not.

I am not criticising the form and content of Judge Barrett's opinion. It is well prepared and written in characteristically good style. I am merely stressing the importance of getting this matter into a posture which will allow the merits to be considered and determined. Preferably it should not become an eviction type of problem.

---

1. Although the Petition requests the issuance of a writ of prohibition, we have held that "mandamus is the proper remedy to enforce

compliance with a mandate." *Estate of Whitlock v. C. I. R.,* 547 F.2d at p. 510.