No. 762. Wisniewski *v.* United States.

*Per Curiam:* Defendant was convicted of violation of 26 CFR § 175.121, a Regulation promulgated by the Secretary of the Treasury under the authority of § 2871 of the Internal Revenue Code of 1939, and providing that:

> "No liquor bottle shall be reused for the packaging of distilled spirits for sale, except as provided in § 175.63 [exceptions not here relevant], nor shall the original contents, or any portion of such original contents, remaining in a liquor bottle be increased by the addition of any substance."

The Court of Appeals for the Eighth Circuit has certified to this Court the following question: "Does the phrase 'any substance' as employed in 26 C. F. R., Section 175.121, 1952 Cumulative Pocket Supplement, include tax paid distilled spirits?"

It appears that the question certified by the Court of Appeals was decided by another panel of that court less than a year and a half before the present certification, on reviewing the dismissal of the indictment in this very case. *United States* v. *Goldberg,* 225 F. 2d 180. Because of the volume of business, all but two Circuits have more than three Circuit Judges. This undoubtedly raises

---

*Mr. Justice Whittaker took no part in the consideration or decision of cases in which action was this day announced.

problems when one panel has doubts about a previous decision by another panel of the same court. Whatever procedure a Court of Appeals follows to resolve these problems—and desirable judicial administration commends consistency at least in the more or less contemporaneous decisions of different panels of a Court of Appeals—doubt about the respect to be accorded to a previous decision of a different panel should not be the occasion for invoking so exceptional a jurisdiction of this Court as that on certification. It is primarily the task of a Court of Appeals to reconcile its internal difficulties. See *In re Burwell*, 350 U. S. 521; *Western Pacific R. Corp.* v. *Western Pacific R. Co.*, 345 U. S. 247. It is also the task of a Court of Appeals to decide all properly presented cases coming before it, except in the rare instances, as for example the pendency of another case before this Court raising the same issue, when certification may be advisable in the proper administration and expedition of judicial business.

The certificate must be dismissed.

*Theodore H. Wangensteen* for Wisniewski.