C. A. 5th Cir. Certificate dismissed. See this Court’s Rule 19.3; Wisniewski v. United States, 353 U. S. 901 (1957).
Justice White,
with whom Justice Blackmun and Justice Stevens join,
regarding dismissal.
In dismissing the certificate of question from the Court of Appeals, the Court expresses no opinion whether a petition for mandamus to compel disqualification of an individual member of a three-judge court who has denied a motion to disqualify himself *953 lies in the United States Court of Appeals or in this Court. I think it evident that the Court of Appeals has jurisdiction in such a situation. Our cases have indicated that we narrowly view our appellate jurisdiction in three-judge court cases pursuant to 28 U. S. C. § 1253. See Gonzalez v. Automatic Employees Credit Union, 419 U. S. 90, 96 (1974). We have thus declined to review the actions, orders, and rulings of a single judge sitting on a three-judge court, see id., at 96, n. 14; dismissed an appeal of a temporary restraining order by a single judge of a three-judge court for want of jurisdiction, see, e. g., Hicks v. Pleasure House, Inc., 404 U. S. 1 (1971) (per curiam); and stated that a court of appeals is not powerless to “give any guidance when a single judge has erroneously invaded the province of a three-judge court,” Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U. S. 713, 716 (1962) (per curiam). See also Schackman v. Arnebergh, 387 U. S. 427 (1967) (per curiam). In light of these cases, I think it clear that jurisdiction over a petition for mandamus in a case such as this rests in the first instance in the Court of Appeals.