IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2008

Charles R. Fulbruge III
Clerk

No. 07-60732

UNITED STATES OF AMERICA

Plaintiff-Appellee

vs.

JAMES FORD SEALE

Defendant-Appellant

- - - - -

Appeal from the United States District Court for the
Southern District of Mississippi, Jackson Division

- - - - -

ON PETITION FOR REHEARING
AND
PETITION FOR REHEARING EN BANC

(Opinion September 09, 2008, 5 Cir., 2008, _____F.3d____)

BEFORE:   JONES, Chief Judge, KING, JOLLY, DAVIS, SMITH, WIENER, BARKSDALE, GARZA, BENAVIDES, STEWART, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK and HAYNES, Circuit Judges.

BY THE COURT:

A member of the Court in active service having requested a poll on the petition for rehearing en banc and a majority of the judges in active service having voted in favor of granting a rehearing en banc,

IT IS ORDERED that this cause shall be reheard by the court en banc with oral argument on a date hereafter to be fixed.  The Clerk will specify a briefing schedule for the filing of supplemental briefs.

JERRY E. SMITH, Circuit Judge, dissenting.

## I.

I respectfully dissent from the decision to rehear this case en banc and vacate the panel opinion. Judge DeMoss, writing for the unanimous panel, has crafted a careful and convincing opinion. In its petition for rehearing en banc, the government has not shown that the panel erred or that this case meets the high standards for en banc consideration.

The fault for this court's predicament lies squarely with the Department of Justice. Its delay of more than forty years in prosecuting defendant Seale for this despicable crime, of which he has finally been found guilty by a jury of his peers, is inexcusable. The government now asks this court to bail it out by declaring a result that cannot be reached except by a strained explication of the applicable statutes and caselaw.

The result of the government's inaction under myriad Attorneys General is, to say the least, unfortunate. Because, as the panel held, Seale's conviction is barred by the statute of limitations, Seale must be set free and cannot be successfully prosecuted for this unspeakable crime.

It is a necessary consequence of having a government of laws that wrongdoers at times must be released without further punishment.[1] The decision to rehear this matter en banc reflects a misunderstanding of the proper function of the en banc process; the panel opinion should have been permitted to stand.[2]

## II.

The above-described error has now been unnecessarily and arbitrarily compounded: Oral argument has been delayed until late May 2009. I respect-

---

[1] See, e.g., United States v. Cuellar, 478 F.3d 282, 295-96 (5th Cir. 2007) (en banc) (Smith, J., dissenting), majority opinion rev'd, 128 S. Ct. 1994 (2008) (explaining that where a prosecution is mishandled, even bad people at times must be set free).

[2] I am confident, however, that the en banc court will review this case with the utmost integrity, uninfected with an unwholesome desire to achieve a particular result irrespective of governing law.

fully disagree with that decision as well.

The selection of a date for the oral submission of a case normally would not be the subject of public comment. This case is different, as I will explain.

For decades, this court has scheduled, in advance, three en banc sessions each year, evenly spaced on the twelve-month calendar in January, May, and September. In the event—and only in the event—that no cases have been voted for rehearing en banc, a particular en banc session will be canceled, because there are no cases to be heard. In accordance with this longstanding practice, the judges, their staffs, and other court personnel are notified well in advance of the dates that have been set aside for en banc arguments, and the remainder of the court calendar and court activities are set with the en banc sessions in mind. The point of all this is that the time is carefully blocked out for focus on the submission of en banc cases, which logically will be some of the more important cases the court will take up in a given year.

So it is that an en banc session was long ago scheduled for late January 2009. At the time the court's yearly schedule is set, there is no way to know which cases, or how many cases, will be reheard, so an en banc calendar, although designated for January, May, or September, is empty until a case or cases are voted en banc. Once a successful vote for en banc rehearing has been concluded, that case is immediately set for the next en banc session.[3]

That did not occur in this case, and it is the first time in my experience that this has been so. The attorneys were notified, by letter dated November 14, 2008, that the case will be argued in late May, not late January, 2009. Although a delay of four months in the submission of a case might not always be a matter of great moment, it is significant here.

As carefully explicated in the lengthy panel opinion, Seale is entitled to be released, for the reason that, as a matter of law, he cannot be prosecuted for this crime. The fact that this case has been selected for en banc rehearing

---

[3] This assumes that as of the completion of the en banc poll, there is sufficient time before the en banc session for the parties to file the required supplemental en banc briefs and for the court to have sufficient time to prepare for argument and submission of the case. My empirical observation, based on twenty years' experience on this court, is that a period of two months or more is considered sufficient for that briefing and preparation.

means, naturally, that Seale's release will be delayed for many months even in the event that the en banc court reaches a result that agrees with the panel's. Given that fact, the case should have been scheduled for the next available regular en banc session, which is January. Instead, the January en banc calendar is empty and unused; no cases will be argued en banc at that time. The en banc session is available and blocked out for utilization but instead has been nullified by the decision to delay this case to May.[4]

The decision to leave the January en banc session emptySSalthough made with the best of intentions and without malice toward SealeSSis a plain and blatant violation of this court's well-settled and statutorily-required rules for expediting the submission and decision of criminal appeals. Those rules impose both specific and general requirements on not only the judges of this court but also on other actors in the federal appellate system, including government and private attorneys, public defenders, district courts, and judicial employees. The primary reason for those rules is to facilitate the final decisions in criminal cases. This is in recognition of the undeniable and unremarkable fact that some convictions will be reversed, or sentences reduced, so there is an obvious need, in the interest of justice, to shorten as much as possible the time a defendant may serve for a conviction or sentence that is flawed.

Important here are the stringent duties that the Fifth Circuit Plan for Expediting Criminal Appeals imposes on the judges of this court in fulfilling their responsibility to expedite criminal appeals:

> Delays in deciding criminal cases are a matter of concern because by statute, criminal appeals must be expedited. . . . Fifth Circuit Judges are reminded of their obligations timely to screen and decide criminal appeals.
>
> . . .

---

[4] Shortly after the panel opinion was issued, Seale moved for release pending finalization of his appeal. The panel denied the motion without prejudice, pending the outcome of the petition for en banc rehearing. After receiving the order granting rehearing, Seale, understandably, has moved for reconsideration of the denial, relying in part on the fact that argument has been delayed to May. I here express no view on the merits of that motion, which is pending before the en banc court.

This court gives criminal appeals the highest priority in screening, calendaring and decision. Our circuit judges must meet expedited time lines for screening criminal cases, and the clerk's office must expedite calendaring of criminal appeals when oral argument is required . . . .

. . . By court policy, each judge must give direct criminal cases priority in the preparation and publication of opinions over all other cases except previously submitted direct criminal cases.

(Emphasis added.) These rules impose similar responsibilities on others, even under threat of sanctions.[5] The decision to delay argument until May

---

[5] The expediting plan reads in their entirely as follows, including the excerpts set forth in the text:

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT
PLAN FOR EXPEDITING CRIMINAL APPEALS
As Amended May 4, 2008

1. Goal. The court desires to process criminal appeals at least within the federal appellate court median times from filing the notice of appeal to filing of the last brief, and from filing the notice of appeal to the court's decision.

2. Policy. Delays in deciding criminal cases are a matter of concern because by statute, criminal appeals must be expedited. The court grants extensions of briefing times only where the standards of the Federal Rules of Appellate Procedures are met. If extensions are permitted, they are subject to the guidelines in the Fifth Circuit Rules, and Internal Operating Procedures (IOPs). Attorneys who violate the Federal, or Fifth Circuit Rules, or the court's IOPs are subject to appropriate disciplinary sanctions. Court reporters must comply with the federal appellate and circuit rules governing the timely acknowledgment of transcript orders, and are directed to give precedence to transcribing criminal appeals before civil cases. District courts must meet the time limits established by the Fifth Circuit Rules and Court Reporter Management Plans, and must effectively manage their court reporters. Fifth Circuit judges are reminded of their obligations timely to screen and decide criminal appeals.

3. Procedures. Criminal Appeals. The Fifth Circuit clerk's office is responsible for: (a) communicating court policies concerning expediting criminal appeals; (b) supervising the processing of criminal cases; and (c) as requested, assembling data on reporters, clerks and counsel.

Filing of Reporters' Transcripts. District judges, clerks of court or court reporter coordinators are responsible for insuring court reporters give preference to filing transcripts in criminal cases before all other cases. Except in exceptional cases, criminal transcript should be filed within the 30-day period specified in FED. R. APP. P. 11(b). District judges, clerks of court, court reporter

(continued...)

5

[5](...continued)
coordinators and court reporters are reminded of the requirements in 5TH CIR. R. 11.2 governing requests for extension of time to file transcripts. Court reporters should neither request routine extensions of time to file criminal transcripts, nor expect them to be granted. Court reporters who ignore the requirements of this rule and fail to file transcripts timely risk the imposition of sanctions. 5TH CIR. R. 11.2(c) requires district judges to verify the need for an extension and approve it before this court takes action. The district judges' careful review and adherence to this requirement will insure court reporters request extensions of time only where exceptional circumstances exist. District courts are responsible for overseeing the overall workload of their court reporters and for insuring that criminal transcripts are managed and prepared as quickly as possible.

Communications to Counsel and Reporters. The Fifth Circuit clerk's office will advise court reporters and attorneys representing defendants and the United States of the court's policy on expediting criminal appeals, the court's rule requirements, counsel's obligations, and establish due dates in accordance with the Federal and Fifth Circuit Rules, and IOPs.

Notice to Counsel and Reporters. FED. R. APP. P. 10(b) requires appellant's counsel to order a transcript, or to certify no transcript will be ordered, within 10 days of filing the notice of appeal, or entry of an order disposing of certain motions in FED. R. APP. P. 4(a)(4)(A). Counsel must timely complete the transcript order form provided by the district court, make financial arrangements, and deliver the form to the court reporter by the most expeditious means. As soon as received, the reporter immediately must advise the court when a transcript has been ordered and payment arranged. The reporter also must give this court an expected completion date and an estimated number of pages for the transcript. Counsel and reporters may be sanctioned for failing to comply with the provisions of the Federal Rules and this court's implementing procedures.

Notice to U.S. Attorneys. When the clerk's office issues a briefing notice to appellant's counsel in direct criminal cases, it also will provide notice to the U.S. Attorney, advising of the court's rules and policies governing criminal appeals.

Extensions of Time To File Briefs. Counsel may request extensions only when absolutely necessary. The clerk or court will grant extensions sparingly and only as set forth in the rules and IOPs. Extensions in criminal appeals will be for the minimum time needed, and if granted, will exceed 30 days only in exceptionally rare instances. Counsel are responsible for reviewing the record on appeal within 15 days of receipt. If there are omissions from the record, counsel must notify the district court and this court of any missing materials, particularly transcripts, and arrange immediately with the court reporter for any additional transcripts within this period. Counsel who fail to act promptly and to make arrangements for a complete record within this time period, cannot expect an extension of time to file the brief because their lack of diligence caused the record to be incomplete.

Screening and Calendaring Criminal Appeals. This court gives criminal

(continued...)

also violates Fifth Circuit Rule 47.7, which states that "appeals in criminal cases" enjoy the top "preference in processing and disposition."

Happily, the failure to abide by these requirements in the present case is an aberration. In fact, this court generally, and its dedicated judges in particular, take criminal-expediting seriously and do a commendable job of expediting the briefing, submission, and decision of criminal cases.

For example, the Clerk, on instruction from the court, sends each judge a weekly list of overdue criminal decisions. When the calendar is prepared for a given monthly session of panel arguments, absolute priority is given to criminal cases that are ready for submission.[6] Moreover, in their work on criminal appeals, the judges of this court and their staffs, as well as our able corps of staff attorneys, are constantly aware of the need to rule as promptly as reasonably possible while still giving the criminal cases the careful attention they deserve.

The delay occasioned in this case is, as I have said, a regrettable lapse with which I respectfully disagree. One can only hope and trust that it will not

---

[5](...continued)
appeals the highest priority in screening, calendaring and decision. Our circuit judges must meet expedited time lines for screening criminal cases, and the clerk's office must expedite calendaring of criminal appeals when oral argument is required. The clerk's office will monitor criminal appeals to reinforce the court's priorities in routing and return of cases for screening and in setting cases for oral argument when required. These procedures shall be reviewed and, if necessary, revised upon request from the court or Judicial Council.

Disposition. The priority given to criminal cases continues after oral hearing or submission on the record and briefs. By court policy, each judge must give direct criminal cases priority in the preparation and publication of opinions over all other cases except previously submitted direct criminal cases.

4. Disciplinary Action. For conduct unbecoming a member of the Bar, or for failure of counsel to comply with the applicable Federal and Fifth Circuit Rules, the court shall issue a show cause order as provided by FED. R. APP. P. 46(c), and 5TH CIR. R. 42.3.1.1 and 42.3.3. Sanctions may be imposed upon delinquent counsel as may be individually appropriate, ranging from reprimand to fine, or Criminal Justice Act financial deduction or removal from the roll of attorneys permitted to practice before this court.

[6] A docket of cases to be argued in a given week to a particular panel may consist almost exclusively of criminal cases, to the exclusion of civil cases, if the list of unheard criminal cases so requires.

happen again.