# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 5, 2009

Charles R. Fulbruge III
Clerk

No. 07-60732

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES FORD SEALE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi, Jackson Division
USDC No. 3:07-CR-9-1

Before JONES, Chief Judge, KING, JOLLY, DAVIS, SMITH, WIENER, BARKSDALE, GARZA, DeMOSS, BENAVIDES, STEWART, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

By reason of an equally divided en banc court, the decision of the district court on the sole issue of its denying dismissal of the indictment because of the running of the statute of limitations is AFFIRMED.

The appeal is RETURNED to the panel for decision of the other issues raised on appeal.

DeMOSS, Circuit Judge, dissenting:

For the reasons stated in the unanimous panel opinion previously filed in this appeal, *see United States v. Seale*, 542 F.3d 1033 (5th Cir. 2008), I disagree with those members of the en banc court who voted to affirm the district court's denial of Seale's motion to dismiss the indictment on limitations grounds.

Both the Supreme Court and this circuit have held that when the appellate court is evenly divided on an issue, the judgment of the lower court is "affirmed." *See Sch. Bd. of Richmond, Va. v. State Bd. of Educ. of Va.*, 412 U.S. 92, 93 (1973) (per curiam); *United States v. Kirk*, 105 F.3d 997, 998 (5th Cir. 1997) (en banc); *United States v. Ibarra*, 965 F.2d 1354, 1357 (5th Cir. 1992) (en banc). The use of the term "affirmed" is somewhat misleading. The Supreme Court has described this nominal affirmance as follows:

> In cases of appeal or writ of error in this court, the appellant or plaintiff in error is always the moving party. It is affirmative action which he asks. The question presented is, shall the judgment, or decree, be reversed? If the judges are divided, the reversal cannot be had, for no order can be made. The judgment of the court below, therefore, stands in full force. It is, indeed, the settled practice in such case to enter a judgment of affirmance; but this is only the most convenient mode of expressing the fact that the cause is finally disposed of in conformity with the action of the court below, and that that court can proceed to enforce its judgment. The legal effect would be the same if the appeal, or writ of error, were dismissed.

*Durant v. Essex Co.*, 74 U.S. (7 Wall.) 107, 112 (1868); *see also Neil v. Biggers*, 409 U.S. 188, 191-92 (1972); *Ohio ex rel. Eaton v. Price*, 364 U.S. 263, 263-64 (1960) ("[T]his case is being affirmed ex necessitate, by an equally divided Court."). In light of the forgoing, the use of the term "affirmed" should not be construed to mean that the en banc court approves of the reasoning of the district court. *See United States v. Mendoza-Gonzalez*, 318 F.3d 663, 667 n.5 (5th Cir. 2003) ("Decisions by an equally divided en banc court have no value as binding precedent.").