**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-60732

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMES FORD SEALE

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before JONES, Chief Judge, KING, JOLLY, DAVIS, SMITH, WIENER, BARKSDALE, GARZA, DeMOSS, BENAVIDES, STEWART, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

**CERTIFICATE OF QUESTION TO
THE SUPREME COURT OF THE UNITED STATES**

PER CURIAM:

Pursuant to 28 U.S.C. § 1254(2) and Supreme Court Rule 19, a majority of the members of the en banc court have voted to certify the following question of law to the Supreme Court: What statute of limitations applies to a prosecution under 18 U.S.C. § 1201 for a kidnaping offense that occurred in 1964 but was not indicted until 2007?

The Supreme Court has jurisdiction to review cases "[b]y certification at any time by a court of appeals of any question of law in any civil or criminal case as to which instructions are desired, and upon such certification the Supreme Court may give binding instructions or require the entire record to be sent up for decision of the entire matter in controversy." 28 U.S.C. § 1254(2). Supreme Court Rule 19 explains that "[a] United States court of appeals may certify to [the Supreme] Court a question or proposition of law on which it seeks instruction for the proper decision of a case. The certificate shall contain a statement of the nature of the case and the facts on which the question or proposition of law arises. Only questions or propositions of law may be certified, and they shall be stated separately and with precision." The Supreme Court has cautioned against a question of "objectionable generality" and prefers "a definite and clean-cut question of law." *See United States v. Mayer*, 235 U.S. 55, 66 (1914). In keeping with this instruction, we will now provide the relevant facts and frame the dispositive legal question.

## I.

A federal jury in the Southern District of Mississippi found James Ford Seale guilty of two counts of kidnaping under 18 U.S.C. § 1201(a) and one count of conspiracy to commit kidnaping under 18 U.S.C. § 1201(c). The district court sentenced him to life imprisonment. The kidnapings occurred in 1964, but the government did not indict Seale until 2007.

Unlike some federal crimes, § 1201 does not include its own limitations period. The residual limitations periods of the criminal code, sections 3281 and 3282, apply to those federal crimes that do not contain their own limitations periods. Section 3281 states that "[a]n indictment for any offense punishable by death may be found at any time without limitation." In contrast, § 3282 states that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found . . . within five years next after such

2

offense shall have been committed." Before the case proceeded to trial, Seale filed a motion to dismiss the indictment, alleging that his prosecution was barred by the five-year statute of limitations applicable to non-capital crimes. *See* 18 U.S.C. § 3282. After conducting a hearing, the district court orally denied Seale's motion to dismiss the indictment based upon a finding that the prosecution was governed by the unlimited statute of limitations applicable to capital crimes. *See* 18 U.S.C. § 3281.

In 1964, kidnaping was punishable by death, so the capital limitations period applied. However, in 1968, the Supreme Court held that the death penalty clause of § 1201 was unconstitutional and severable from the remainder of the statute. *See United States v. Jackson*, 390 U.S. 570, 581-82 (1968). In 1972, the Supreme Court decided *Furman v. Georgia*, 408 U.S. 238 (1972), which cast serious doubt on whether existing state and federal death penalty regimes were constitutional under the Eighth Amendment. On the recommendation of the Department of Justice, Congress repealed the death penalty clause of § 1201 in order to avoid "facial invalidity" in the wake of *Jackson* and *Furman*. *See* Act for the Protection of Foreign Officials and Official Guests of the United States, Pub. L. No. 92-539, § 201, 86 Stat. 1070-73 (1972) (hereinafter referred to as the "1972 Act" or the "1972 amendments"); 118 Cong. Rec. 27116 (1972) (statement of Rep. Poff). Until Congress reinstated the death penalty for kidnaping in 1994, § 1201 carried a five-year statue of limitations.[1] *See* 28 U.S.C. § 3282. Before the district court, Seale argued that either *Jackson* or the 1972 amendments, standing alone, had the effect of changing the limitations period applicable to his prosecution from unlimited to five years.

The district court held that *Jackson* standing alone did not change the limitations period applicable to Seale's prosecution. The district court

---

[1] Both parties agree that the 1994 amendments to § 1201 are irrelevant to the resolution of the limitations issue in this case.

characterized as dicta the holding of two Fifth Circuit cases, which stated that *Jackson* rendered § 1201 non-capital for all purposes. Instead, it relied on precedent from other circuits holding that judicial invalidation of a death penalty provision in a federal crime as unconstitutional does not change the limitations period applicable to that crime. The district court rejected Seale's effort to distinguish those cases as not involving judicial severance of the offending language and not involving the effect of *Jackson*. Regarding the effect of 1972 amendments to § 1201, the district court simply stated that "[Congress's] repeal was not made retroactive," rejecting the reasoning of another court that has addressed this particular issue. *See United States v. Provenzano*, 423 F. Supp. 662 (S.D.N.Y. 1976), *aff'd*, 556 F.2d 562 (2d Cir. 1977).[2]

---

[2] Because the district court did not issue a written opinion explaining its denial of the motion, we have reproduced the oral ruling:

> THE COURT: Section 3281 provides no limitations period for kidnapping as a capital crime. Section 3282 places a five-year statute of limitations on noncapital cases. Since the incidents charged in the indictment occurred in 1964, one quickly recognizes that should 3282 apply, this court would have to dismiss the indictment in its entirety because the statute of limitations would have long run. Therefore, the court's ruling on this issue will determine whether the case should be dismissed immediately or whether the lawsuit may proceed to trial.
>
> Our jurisprudence recognizes a distinct difference between capital and noncapital cases. The number of peremptory challenges, bail, access to the venire, multiple attorneys, for example, are all affected by this characterization. The precise question here is whether the federal kidnapping statute in the absence of the death penalty authorization after the wake of *Jackson* and *Furman* has lost its status as a capital offense.
>
> This court holds that the federal kidnapping statute yet must be accorded capital offense status when courts look to determine the proper statute of limitations. This court is persuaded that the language in [*United States v. Hoyt*, 451 F.2d 570 (5th Cir. 1971)] and [*United States v. Kaiser*, 545 F.2d 467 (5th Cir. 1977)], Fifth Circuit cases, which could appear to say otherwise is dicta. Those courts were not squarely presented with the issue before this court and had no need within the context of their litigation to comment upon the matter.
>
> Next the court agrees with the government that the vast majority of courts to

On appeal, Seale reasserted the argument that his prosecution was time-barred by § 3282. A unanimous panel of this court agreed, reversing the district court and rendering a judgment of acquittal. *See United States v. Seale*, 542 F.3d 1033 (5th Cir. 2008). According to the panel, absent a clear statement by Congress to the contrary, substantive changes to federal statutes are applied prospectively but procedural changes are applied retroactively. The panel observed that the 1972 amendments repealed the death penalty clause of § 1201, which had the effect of changing the limitations period to five years. Because changes to the limitations period are procedural in nature, the panel found that those changes apply retroactively to pre-amendment offenses, absent *Ex Post Facto* concerns that are not implicated in this case. The panel held that the 1972 amendments to § 1201 retroactively changed the limitations period applicable to Seale's prosecution to five years. Although the 1972 amendments reduced the

---

consider this matter have rejected the defendant's argument. [*United States v. Manning*, 56 F.3d 1188 (9th Cir. 1995), *United States v. Edwards*, 159 F.3d 1117 (8th Cir. 1998), and *United States v. Ealy*, 363 F.3d 292 (4th Cir. 2004)], for instance, have presented the court and pointed the court in the direction of the government's argument. That argument is structured upon viewing kidnapping under a severity of the crime analysis versus a procedural protection one or a nature of the penalty one which is apparent in the cases reviewed by this court. This severity of the crime analysis is premised upon a recognition, a congressional recognition that some crimes are so serious that the offender should be punished whenever caught.

Finally, this court also is persuaded that since the instant offense allegedly occurred in 1964, this court should look to the 1964 kidnapping statute and its statute of limitations. This 1964 statute no one disputes provided no limitations as to when an offender would be charged for this very serious crime. The repeal in 1972 is not consequential because the repeal was not made retroactive.

I understand the defendant's argument and the court is not persuaded that because the *Furman* decision was made retroactive that it somehow affects this matter in the manner in which the defendant argues. Thus for all the reasons enunciated by the court, this court is persuaded to deny the motion to dismiss.

ROA (Vol. 3) 56-58.

available punishment from death to life imprisonment, which was a substantive change, the panel determined that the 1972 amendments were primarily procedural because *Jackson* had already severed and rendered the death penalty clause unenforceable in 1968. Thus, the panel's retroactivity holding was based on the combined effect of *Jackson* and the 1972 amendments.

The government filed a petition for rehearing en banc, which was granted. *See United States v. Seale*, 550 F.3d 377 (5th Cir. 2008). The grant of the petition for rehearing en banc had the effect of vacating the unanimous panel opinion and rendering it non-precedential. *See United States ex rel. Marcy v. Rowan Cos.,* 520 F.3d 384, 389 (5th Cir. 2008). The en banc vote called for affirming or reversing the ruling of the district court, which denied Seale's motion to dismiss the indictment on limitations grounds. By reason of an equally divided 9-9 vote, the en banc court, without opinion, nominally affirmed the district court's denial of the motion to dismiss. *See United States v. Seale*, --- F.3d ----, 2009 WL 1565162 (5th Cir. June 5, 2009). The per curiam order of the en banc court is not precedential, *see United States v. Mendoza-Gonzalez*, 318 F.3d 663, 667 n.5 (5th Cir. 2003), and it did not address the merits of the limitations issue. The appeal was returned to the original panel for consideration of the remaining issues raised by Seale.

## II.

On June 12, 2009, Seale filed a "Motion to Certify Question of Law to the Supreme Court of the United States, or In the Alternative, to Rehearing the Case During the September En Banc Term of the Court."[3] In this motion, Seale recommended that the en banc court certify the limitations issue to the Supreme Court pursuant to 28 U.S.C. § 1254(2) because (1) it is a question of law; (2) it is unjust to allow a life sentence to stand based on a nominal affirmance by an

---

[3] Seale's alternative motion to rehear the case during the September en banc term of the court is denied. *See* FIFTH CIR. R. 35.6.

equally divided en banc court; (3) the district court's ruling is irreconcilable with Fifth Circuit precedent; (4) the government has identified at least twenty-two other "cold cases" from the civil rights era that are currently under investigation in this circuit, some of which may face the same limitations issue now before the en banc court; and (5) considerations of judicial economy and Seale's ill health counsel in favor of expedited resolution of the issue by the Supreme Court.

## III.

A majority of the en banc court has determined that certification is appropriate in this case. We reject the government's suggestion that Seale's motion was procedurally improper. Seale's motion explicitly recognizes that the certification decision is discretionary with the en banc court. Some circuits have questioned the propriety of a party recommending certification. *See, e.g.*, *Kronberg v. Hale*, 181 F.2d 767 (9th Cir. 1950). We think the "better view is that counsel may move for or suggest certification, but the matter rests exclusively in the discretion of the court of appeals." Eugene Gressman et al., Supreme Court Practice § 9.2 (9th ed. 2007).

The Supreme Court originally received jurisdiction to answer certified questions from equally divided circuit courts in 1802, *see* 2 Stat. 156, 159, although its certification jurisdiction has significantly broadened since that time. *See* 28 U.S.C. § 1254(2). Two of the four certifications granted between 1946 and 2006 were certified questions from equally divided circuit courts, including one from this court. *See United States v. Barnett*, 376 U.S. 681 (1964); *United States v. Rice*, 327 U.S. 742 (1946). Because it is the task of the circuit courts "to decide all properly presented cases coming before it," the Supreme Court has warned that certification is proper only in "rare instances." *Wisniewski v. United States*, 353 U.S. 901, 902 (1957).

This is an issue of first impression and national importance. The nominal affirmance of Seale's life sentence by an equally divided en banc court is the type

of rare instance where certification is appropriate. *See Durrant v. Essex Co.*, 74 U.S. (7 Wall.) 107, 112 (1868) (regarding the legal effect of a tie vote affirmance). By certifying this question regarding the statute of limitations, we are not ignoring our obligation to decide a properly presented case; the evenly divided en banc court was simply unable to reach a decision. Based on the unique facts of this case, we find certification advisable "in the proper administration and expedition of judicial business." *Wisniewski*, 353 U.S. at 902.

The Government seeks to establish precedent for filing other criminal indictments relating to unresolved civil rights era crimes; however, the tie vote affirmance rendered by the en banc court contains no reasoned analysis and holds no precedential value. Seale gets no relief from his claim of a time-barred prosecution, and the Government gets no precedent upon which to prosecute other "cold cases" under § 1201. This discrete legal issue needs to be resolved by the Supreme Court in order to give guidance in future cases.

We certify the following question to the Supreme Court: What statute of limitations applies to a prosecution under 18 U.S.C. § 1201 for a kidnaping offense that occurred in 1964 but was not indicted until 2007?

The resolution of this question hinges upon whether *Jackson* and the 1972 Act, either alone or in combination, resulted in a reclassification of § 1201 from capital under § 3281 to non-capital under § 3282, and if so, whether that reclassification is retroactively applicable to Seale's conduct.

QUESTION CERTIFIED.

JONES, Chief Judge, together with Judges KING, WIENER, CLEMENT and OWEN, dissenting:

I respectfully dissent from the majority's decision certifying to the Supreme Court a purely interlocutory question: whether the prosecution of Seale for a fatal kidnapping that occurred in 1964 but was not indicted under federal law until 2007 is barred by a federal limitations period. This court was evenly divided on en banc rehearing and reached no resolution of the issue. Seale's appeal was relegated for consideration of his remaining issues to the three-judge panel that had been previously responsible for the case but had not ruled on those other points.

Although the certification falls within the permissible scope of Sup. Ct. Rule 19, it is not worth this busy court's time or that of the also-busy Supreme Court to pursue that path. The likelihood of the Court's accepting certification, based on past usage, is virtually nil. The Court has accepted Rule 19 certifications only four times in more than sixty years.[1] To seek certification of an interlocutory appellate decision is also imprudent, especially where, left to its own devices, the panel decision might ultimately reverse the conviction. Finally, I cordially disagree with Judge DeMoss's prediction that this limitations issue may bear on two dozen or so cold cases of ugly racial violence remaining from the

---

[1] *See United States v. Rice*, 327 U.S. 742 (1946); *United States v. Barnett*, 376 U.S. 681 (1964); *Moody v. Albermarle Paper Co.*, 417 U.S. 622 (1974); *Iran Nat'l Airlines Corp. v. Marshalk Co.*, 453 U.S. 919 (1981). "[T]he Court has made the statutory provision authorizing the certificate procedure virtually, but not quite, a dead letter." EUGENE GRESSMAN ET AL., SUPREME COURT PRACTICE 597 (9th ed. 2007).

early 1960s. The letter from the Civil Rights Division of the Department of Justice was far from clear on this point.

Judge STEWART dissents.

Judge STEWART dissents.