# SUPREME COURT OF THE UNITED STATES

## UNITED STATES *v.* JAMES FORD SEALE

### ON CERTIFIED QUESTION BY THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 09–166.   Decided November 2, 2009

The question certified by the United States Court of Appeals for the Fifth Circuit is dismissed.

Statement of JUSTICE STEVENS, with whom JUSTICE SCALIA joins, respecting the dismissal of the certified question.

This certificate presents us with a pure question of law that may well determine the outcome of a number of cases of ugly racial violence remaining from the 1960s. The question is what statute of limitations applies to a prosecution under 18 U. S. C. §1201 commenced in 2007 for a kidnaping offense that occurred in 1964.

James Ford Seale was found guilty of violating §1201, a provision that does not include its own limitations period. Title 18 U. S. C. §3281 provides that "any offense punishable by death" may be prosecuted "at any time without limitation," whereas §3282(a) imposes a 5-year period of limitations for all other offenses "[e]xcept as otherwise expressly provided by law." In 1964 a violation of §1201 was a capital offense when the victim was harmed, and since 1994 a violation of §1201 has been a capital offense when the kidnaping results in the loss of life. But for more than two decades in between, Seale's crime was not punishable by death.

Several developments accounted for this. In 1968 this Court held that the death penalty provision in the old §1201 was unconstitutional because it applied "only to those defendants who assert the right to contest their guilt before a jury," *United States* v. *Jackson*, 390 U. S. 570, 581, and in 1972 we cast significant doubt on the constitu-

tionality of death penalty laws nationwide, *Furman* v. *Georgia*, 408 U. S. 238 *(per curiam)*. Following *Furman*, Congress repealed the death penalty clause of §1201, see Act for the Protection of Foreign Officials and Official Guests of the United States, Pub. L. 92–539, §201, 86 Stat. 1072, which had the effect of changing the applicable statute of limitations from §3281 to §3282.

In this case, the District Court held that the 1972 repeal did not retroactively change the character of a violation of §1201 as a capital offense within the meaning of §3281— and therefore that the prosecution of Seale could go forward—but a panel of the Court of Appeals reversed. 542 F. 3d 1033 (CA5 2008). In response to the Government's petition for rehearing en banc, the full court vacated the panel decision and, by an equally divided 9-to-9 vote, affirmed the District Court's ruling on the limitations defense. 570 F. 3d 650 (CA5 2009) *(per curiam)*; see also *id.,* at 651 (DeMoss, J., dissenting) (noting the affirmance's "nominal" nature in light of the deadlock). Following the procedure authorized by Congress in 28 U. S. C. §1254(2) and by this Court's Rule 19, a majority of the members of the en banc court voted to certify this question of law to us for decision.

The question is narrow, debatable, and important. I recognize that the question reaches us in an interlocutory posture, as Seale appealed his conviction on numerous grounds, and that "[i]t is primarily the task of a Court of Appeals to reconcile its internal difficulties," *Wisniewski* v. *United States*, 353 U. S. 901, 902 (1957) *(per curiam)*. Yet I see no benefit and significant cost to postponing the question's resolution. A prompt answer from this Court will expedite the termination of this litigation and determine whether other similar cases may be prosecuted. In these unusual circumstances, certification can serve the interests not only of legal clarity but also of prosecutorial economy and "the proper administration and expedition of

judicial business." *Ibid.*

The certification process has all but disappeared in recent decades. The Court has accepted only a handful of certified cases since the 1940s and none since 1981; it is a newsworthy event these days when a lower court even tries for certification. Section 1254(2) and this Court's Rule 19 remain part of our law because the certification process serves a valuable, if limited, function. We ought to avail ourselves of it in an appropriate case. In my judgment, this case should be briefed and set for argument.