**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDER COTE, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>OFFICE OF THE CALIFORNIA STATE CONTROLLER; BETTY T. YEE, in her official capacity as California State Controller,<br><br>Defendants-Appellees. | No.  23-15375<br><br>D.C. No. 4:22-cv-04056-HSG<br><br>MEMORANDUM* |
| JENNIFER I. SYKES, individually and on behalf of all others similarly situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>OFFICE OF THE CALIFORNIA STATE CONTROLLER; BETTY T. YEE, in her official capacity as California State Controller,<br><br>Defendants-Appellees. | No.  23-15377<br><br>D.C. No. 4:22-cv-04133-HSG |

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| ALISON COLE-KELLY, Individually and on Behalf of All Those Similarly Situated,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>BETTY T. YEE, in her official capacity as California State Controller; STATE OF CALIFORNIA,<br><br>Defendants-Appellees. | No.   23-15413<br><br>D.C. No. 4:22-cv-02841-HSG |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted March 12, 2024[**]
San Francisco, California

Before:  S.R. THOMAS, McKEOWN, and CHRISTEN, Circuit Judges.

Plaintiffs-Appellants Alexander Coté, Jennifer Sykes, and Alison Cole-Kelly appeal a district court's dismissal without leave to amend of their putative class action against Defendent-Appellee the California State Controller.  We have jurisdiction over this appeal of the district court's dismissal under 28 U.S.C.

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We affirm the judgment of the district court. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

"Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo." *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (emphasis omitted). "We review for abuse of discretion a district court's dismissal . . . without leave to amend." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1141–42 (9th Cir. 2021). "A district court acts within its discretion to deny leave to amend when amendment would be futile . . . ." *V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 547 (9th Cir. 2019) (ellipsis in original) (quoting *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000)). We review "the question of futility of amendment de novo." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1172 (9th Cir. 2016).

Plaintiffs claim that California's Unclaimed Property Law (UPL) violates the Fifth and Fourteenth Amendments of the United States Constitution and Article 1, Section 19 of the California Constitution. *San Remo Hotel L.P. v. City And County of San Francisco*, 27 Cal. 4th 643, 664 (2002) (construing the California Constitution's takings clause "congruently" to the United States Constitution's Takings Clause). They argue that California's Unclaimed Property

3

Law is unconstitutional because it does not require interest to be paid on escheated property while held by the state nor once reclaimed. Cal. Civ. Proc. Code § 1540(c). Plaintiffs seek declaratory and injunctive relief to remedy this injury.

However, we have already decided this question in two cases: *Turnacliff v. Westly*, 546 F.3d 1113 (9th Cir. 2008), and *Suever v. Connell*, 579 F.3d 1047 (9th Cir. 2009). These cases bind us, and preclude relief. In addressing an estate administrator's challenge to the 2002 version of California's Unclaimed Property Law that guaranteed some interest, we held that "when the Estate abandoned its property, it forfeited any right to interest earned by that property." *Turnacliff*, 546 F.3d at 1119; *Texaco, Inc. v. Short*, 454 U.S. 516 (1982). We confirmed that holding in *Suever*, where we rejected claims for retroactive interest under the same 2002 statute because "state sovereign immunity clearly precludes Plaintiffs from successfully obtaining *more* than [their escheated principal and sales proceeds therefrom] in the form of interest." 579 F.3d at 1059. We also rejected claims for an injunction that required the "payment of interest on any claims for unclaimed property that escheated under" the 2003 California Unclaimed Property Law that paid no interest. *Id.* at 1057. And we rejected claims for equitable relief that were "indistinguishable in effect from claims for money damages against the State and, as such, . . . barred by the Eleventh Amendment." *Id.* at 1059–60.

There is no principled difference to be drawn between the statutes those decisions considered and the one before us today. Plaintiffs' property has validly escheated to the state. The current statute does not guarantee interest, Cal Civ. Proc. Code § 1540(c) (2021) ("Interest shall not be payable on any claim paid under this chapter."), and we addressed a nearly identical statute that did not guarantee interest in *Suever*. 579 F.3d at 1057; *see* Cal Civ. Proc. Code § 1540(c) (2003) ("No interest shall be payable on any claim paid under this chapter."). As we held in *Suever*: "[T]he State is not constitutionally required to pay *any* interest under the UPL . . . ." 576 F.3d at 1056. The district court applied our precedents correctly. To the extent the plaintiffs' claims are for money damages against the state, they are barred by the Eleventh Amendment. *Id.* at 1059. To the extent any claims escape the Eleventh Amendment, plaintiffs cannot establish an entitlement to the interest they seek. *Turnacliff,* 546 F.3d at 1119.

To overcome the weight of our precedent, plaintiffs cite to several out-of-circuit cases, which do not bind this court, and several Supreme Court decisions. A three-judge panel may overrule circuit precedent only where an "intervening higher authority" is "clearly irreconcilable" with the reasoning of that decision. *CoreCivic, Inc. v. Candide Grp., LLC*, 46 F.4th 1136, 1141 (9th Cir. 2022) (quoting *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc)).

5

*Turnacliff* and *Suever* were decided after the cited Supreme Court cases, and therefore the cited cases cannot constitute "intervening higher authority." *Miller*, 335 F.3d at 900.[1]

The district court properly applied *Turnacliff* and *Suever* in dismissing the plaintiffs' claims as precluded by Ninth Circuit precedent.

**AFFIRMED.**

---

[1]Plaintiffs also suggest the panel call for en banc review or certify their questions to the Supreme Court. En banc review is not warranted because we are not faced with "contradictory precedents" nor an "irreconcilable conflict" in our case law. *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1478–79 (9th Cir. 1987). As to whether this panel should certify plaintiffs' questions to the Supreme Court, mere "doubts" about a Court of Appeals' prior panel decisions are insufficient to invoke "so exceptional a jurisdiction" as the Supreme Court's on certification. *Wisniewski v. United States*, 353 U.S. 901, 902 (1957).