[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11075

Non-Argument Calendar

_____

WILLIAM L. GREEN,
MYA R. GREEN,

                                    Plaintiffs-Appellants,

*versus*

U.S. DOJ OFFICE OF PROFESSIONAL
RESPONSIBILITY,
DEPARTMENT OF VETERANS AFFAIRS,
U.S. ATTORNEY GENERAL,
U.S. DOJ CIVIL RIGHTS DIVISION,
UNITED STATES ATTORNEYS OFFICE SEATTLE,
et al.,

                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:23-cv-00062-MMH-PRL

_____

Before ABUDU, KIDD, and WILSON, Circuit Judges.

PER CURIAM:

Mya and William Green, proceeding *pro se*, appeal the dismissal of their civil complaint and the denial of their post-judgment motions.[1] They contend that the defendants—various federal government agencies, federal courts, and other unknown individuals—engaged in a fraudulent scheme in litigation in the district court and in prior litigation in the Ninth Circuit and the Western District of Washington.[2]

We review a district court's order granting a motion to dismiss for lack of subject matter jurisdiction *de novo*, viewing the facts in the light most favorable to the plaintiffs. *Parise v. Delta Airlines, Inc.*, 141 F.3d 1463, 1465 (11th Cir. 1998). "The burden for establishing federal subject matter jurisdiction rests with the party

_____

[1] *Green v. U.S. DOJ Off. of Pro. Resp.*, No. 5:23-cv-62, 2023 WL 5336761 (M.D. Fla. Aug. 18, 2023), *report and recommendation adopted, Green v. United States Dep't of Justice Off. of Pro. Resp*, 2023 WL 6439575 (M.D. Fla. Oct. 3, 2023).

[2] We write for the parties, so we do not summarize the procedural history of the Greens' prior litigation.

bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). We address each of the district court's reasons for dismissing the suit in turn.

First, the magistrate judge concluded that the district court did not have jurisdiction to review the final orders of other district courts or orders of the Ninth Circuit Court of Appeals. "The district courts . . . have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. We have jurisdiction to review the decisions of the district courts of Alabama, Florida, and Georgia, and we generally lack jurisdiction to review final decisions by district courts encompassed by other courts of appeals. *See* 28 U.S.C. § 1294(1); *Roofing & Sheet Metal Servs, Inc. v. LaQuinta Motor Inns, Inc.*, 689 F.2d 982, 986–87 (11th Cir. 1982); *In re Corrugated Container Anti-Trust Litig.*, 620 F.2d 1086, 1090 (5th Cir. 1980).[3] District courts similarly lack jurisdiction to review the orders of other district courts or any orders of Courts of Appeals. Therefore, to the extent the Greens asked the Middle District of Florida to engage in such review in their complaint, the magistrate judge and the district court properly dismissed the complaint for lack of jurisdiction.

Second, the magistrate judge concluded that the defendants had judicial immunity or sovereign immunity to the extent the Greens sought to raise new claims separate from the Ninth Circuit

---

[3] Decisions of the Fifth Circuit issued prior to the close of business on September 30, 1981, are "binding as precedent in the Eleventh Circuit." *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

4                    Opinion of the Court                    24-11075

proceedings. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As part of the judicial branch of the federal government, federal courts are also shielded by sovereign immunity. *See id.* "Sovereign immunity is jurisdictional in nature," and without a waiver of that immunity, the district court lacks "'jurisdiction to entertain the suit.'" *Id.* (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Additionally, "[a] judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of his court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); *see Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (*en banc*).

We construe *pro se* pleadings and briefs liberally. *See Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986); *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). However, we will not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action," *Campbell*, 760 F.3d at 1168–69 (citation omitted), and *pro se* parties must comply with procedural rules, *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). When a party fails to properly brief an issue, we consider that issue abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). In order to properly brief an issue, a party must "plainly and prominently" raise it and cannot merely "make[] only passing references to it or raise[] it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation and citation omitted). While we may consider abandoned issues in certain

extraordinary circumstances, we do so infrequently. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*)

After careful review of the Greens' briefs on appeal, we conclude that they have abandoned any challenge to the district court's decision to dismiss the case on immunity grounds. They do not plainly argue that sovereign immunity, *res judicata*, nor judicial immunity do not apply, or why the district court erred in these respects. *Sapuppo*, 739 F.3d at 681. We also do not see any error in the district court's conclusions on these issues. Nor do we discern an abuse of discretion in the district court's denial of the Greens' post-judgment motions, which repackaged arguments previously rejected. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (explaining that "[a] motion for reconsideration cannot be used to relitigate old matters" (citation and quotation marks omitted)). For these reasons, we decline to disturb the district court's well-reasoned orders.

**AFFIRMED.**[4]

---

[4] The Greens move for certification of a question of federal law to the United States Supreme Court. This is a very rare and extraordinary procedure, *see In re Hill*, 777 F.3d 1214, 1225–26 (11th Cir. 2015), *Wisniewski v. United States*, 353 U.S. 901, 902 (1957), and we see no extraordinary issues present here that warrant its utilization. Accordingly, the motion is **DENIED**. The Greens' request for reassignment on remand is **DENIED AS MOOT** in light of our affirmance. *See Druid Hills Civic Ass'n v. Fed. Highway Admin.*, 833 F.2d 1545, 1551 (11th Cir. 1987). Finally, the Greens address whether their suit was dismissed with prejudice in their briefs. We clarify that the Greens' suit was dismissed on jurisdictional grounds, so the dismissal was without prejudice. *See Dupree v. Owens*, 92 F.4th 999, 1008 (11th Cir. 2024).