ESTATE of Leonard E. WHITLOCK, etc., et al., Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellant.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Honorable Bruce M. FORRESTER, Judge, United States Tax Court, Respondent.

Nos. 75–1919, 76–1021.

United States Court of Appeals, Tenth Circuit.

Dec. 13, 1976.

Stay Denied Jan. 25, 1977.

See 97 S.Ct. 803.

Certiorari Denied March 7, 1977.

See 97 S.Ct. 1329.

Philip J. Erbacher, Kansas City, Mo. (Joseph A. Hoskins, R. Eugene McGannon and Hoskins, King, McGannon, Hahn & Hurwitz, Kansas City, Mo., with him on the brief), for petitioners-appellees in No. 75–1919.

Gary R. Allen, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., and Gilbert E. Andrews, Jr., Atty., Tax Div., Dept. of Justice, Washington, D. C., with him on the brief), for respondent-appellant in No. 75–1919 and petitioner in No. 76–1021.

Bruce M. Forrester, pro se.

Before SETH, BREITENSTEIN and BARRETT, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is whether the Tax Court has complied with a mandate of this court. Two cases have been consolidated for submission and disposition. No. 75–1919 is a direct appeal from a Tax Court order. No. 76–1021 is a petition for mandamus seeking relief from the same order. We dismiss the appeal and grant mandamus. relief.

The mandate in question was issued in *Estate of Whitlock v. Commissioner of Internal Revenue,* 10 Cir., 494 F.2d 1297. It affirmed in part and reversed in part a

decision of the Tax Court in *Estate of Leonard E. Whitlock,* 59 T.C. 490. The facts are not in controversy and are detailed in the Tax Court opinion.

The prime issue is the taxation of shareholders of a controlled foreign company which is also a foreign personal holding company. The Commissioner assessed deficiencies against the taxpayers, shareholders in the foreign company, on the basis that increases in corporate earnings invested in United States property should be included in taxpayers' gross income. The questions arise under the provisions of the Internal Revenue Code relating to controlled foreign corporations, 26 U.S.C. §§ 951–964. Section 951(d) is of particular concern. As said in our first opinion, 494 F.2d at 1298, that section "seeks to prevent the imposition of double taxation of stockholders when a foreign corporation" is within certain definitions. Also of concern is § 1.951–3, Treas. Reg., 26 C.F.R. § 1.951–3. Example 5(a) thereunder has a factual situation comparable to that here presented. See 494 F.2d at 1299 and 59 T.C. at 497–498. The regulation, considered with its example, sustains the position of the Commissioner.

The Tax Court upheld the constitutionality of Subpart F—Controlled Foreign Corporations. Section 951 is within Subpart F and we agreed with the Tax Court on this issue. 494 F.2d at 1301. With three judges dissenting, the Tax Court held that the regulation, § 1.951–3, was invalid. We disagreed and upheld the validity of the regulation. Ibid. On the remaining issues which are not pertinent here and which related to the applicable statute of limitations, we agreed with the Tax Court. Ibid. The effect of our decision was to increase the gross income, and the tax liability, of the taxpayers.

We rejected the taxpayers' suggestion for rehearing en banc and denied their petition for rehearing. The Supreme Court denied certiorari, *Whitlock, Executrix v. Commissioner of Internal Revenue,* 419 U.S. 839, 95 S.Ct. 69, 42 L.Ed.2d 67 and also denied rehearing, 419 U.S. 1041, 95 S.Ct. 529, 42 L.Ed.2d 318. Our mandate to the Tax Court issued on November 27, 1974. The taxpayers then moved to recall the mandate on the ground of manifest injustice. We declined to consider the motion.

Omitting formal recitals, our mandate read:

"On consideration whereof, it is ORDERED that the judgment of the Tax Court in both cases is REVERSED as to the application of section 951(d) as described in the text of the opinion, and insofar as it voided Treasury Regulation on Income Tax (1954 Code) § 1.951–3 (Coordination of Subpart F with Foreign Personal Holding Company Provisions). The decision of the Tax Court is otherwise AFFIRMED."

The Tax Court reassigned the case to Judge Forrester who had authored the majority Tax Court opinion found at 59 T.C. 490. On March 25, 1975, Judge Forrester ordered the Tax Court's original decision vacated and set aside. He requested the parties to submit any recomputation, stipulation, or motion, which they wished, pursuant to the mandate. The Commissioner filed his computation of the deficiencies for the years in question. The taxpayers filed a motion requesting that Judge Forrester either reinstate the Tax Court's original decision or decline to enter any decision on the mandate. In the alternative, taxpayers challenged the accuracy of the Commissioner's computations. After a hearing, Judge Forrester made no reference to, or determination of, the differences between the parties on the computation of tax due. On October 9, 1975, he issued the following order:

"On March 25, 1975, we entered an Order herein, which inter alia, 'ORDERED that the decision entered by the Court in this case on February 27, 1973 is hereby vacated and set aside.'

It is now

ORDERED that this Court's Order of March 25, 1975 is hereby vacated and set aside."

No. 75–1919 is an appeal by the Commissioner from the October 9, 1975, Tax Court order. No. 76–1021 is a petition by the

Commissioner for mandamus relief from the same order. We required responses to the mandamus petition. In his response Judge Forrester said, first, that our mandate "seemed ineffective since, although it was a reversal in part, it did not remand or contain any instructions." Second, he noted the pendency in the Court of Claims of the case of *Lovett v. United States,* and said that he was unwilling to hold the instant case in abeyance pending the final outcome of the *Lovett* case. Third, he said that his October 9 order was made "to prevent injustice" in the event that *Lovett* reached a conclusion contrary to ours in the *Whitlock* case.

■ Taxpayers say that our first decision was wrong and results in manifest injustice to them. They argue that regulation § 1.951–3 is contrary to the applicable statute, 26 U.S.C. § 951(d), and hence is invalid. We recognize that the Commissioner may not impose a tax which Congress has not authorized. See *Reardon v. United States,* 10 Cir., 491 F.2d 822, 824, and *United States v. Empey,* 10 Cir., 406 F.2d 157, 170. However, we considered the problem in our first decision and held that the regulation did not violate the statute.

■ Taxpayers persist in their effort to reargue the issues decided on the former appeal. They make no claim of newly discovered evidence, fraud on the court, or any conduct reflecting on the integrity of the judicial process. Their arguments are essentially the same as those which we rejected. Our decision on the first appeal was not interlocutory. It adjudicated the merits of the controversy and became final when the Supreme Court denied certiorari. There would be no end to a lawsuit if a dissatisfied litigant could by procedural resourcefulness compel a court to listen to criticisms of its opinions or to speculate on the possibility of future contrary decisions. See *United States v. Camou,* 184 U.S. 572, 574, 22 S.Ct. 505, 46 L.Ed. 694. We will not reconsider the decision which we have made.

■ The taxpayers have moved that, pursuant to 28 U.S.C. § 1254, we certify to the Supreme Court the issues pertaining to the merits. We decline to do so. See *Wisniewski v. United States,* 353 U.S. 901, 77 S.Ct. 633, 1 L.Ed.2d 658. The issues have already been presented to the Supreme Court on taxpayers' petition for certiorari and the Supreme Court denied certiorari.

■ Our concern in No. 75–1919, the Commissioner's direct appeal, is whether the Tax Court's October 9, 1975, order is appealable under 26 U.S.C. § 7482(a). That section authorizes the courts of appeals to review Tax Court decisions "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." Section 1291, 28 U.S.C., gives the courts of appeals jurisdiction to review final decisions of the district courts. For a Tax Court's decision to be reviewable, it must be final.

■ The October 9 order vacated the Tax Court's March 27 order which in turn vacated the Tax Court's decision which we set aside on the first appeal. Taxpayers urge that the effect of the October 9 order is to reinstate the decision which was before us on the first appeal and which we rejected in part. From this premise they argue that the merits of the controversy are again before us for review. We reject the premise. Nothing in the record intimates, and we will not assume, that the Tax Court intended to disobey our mandate. The October 9 order was interlocutory and was not a final decision appealable under § 7482(a). No. 75–1919, the Commissioner's direct appeal should be dismissed.

■ Section 7482(a), Title 26 U.S.C., says that a decision of the court of appeals reviewing a decision of the Tax Court is final, subject to review by the Supreme Court on certiorari. Taxpayers sought certiorari and it was denied. 419 U.S. 839, 95 S.Ct. 69, 42 L.Ed.2d 67, rehearing denied 419 U.S. 1041, 95 S.Ct. 529, 42 L.Ed.2d 318. Our mandate issued in due course. The Tax Court was without power to do anything contrary to the letter or spirit of the mandate as construed in the light of the opinion deciding

the case. See *Thornton v. Carter,* 8 Cir., 109 F.2d 316, 320; *In re Sanford Fork & Tool Company,* 160 U.S. 247, 255, 16 S.Ct. 291, 40 L.Ed. 414; and *Cherokee Nation v. State of Oklahoma,* 10 Cir., 461 F.2d 674, 677–678, cert. denied 409 U.S. 1039, 93 S.Ct. 521, 34 L.Ed.2d 489. The rule applies to the Tax Court. See *Municipal Bond Corporation v. Commissioner of Internal Revenue,* 8 Cir., 382 F.2d 184, 186.

■ The effect of the October order is to leave this court's mandate unenforced. One reason given for this inaction is that we did not specifically remand the case with directions to enter a new decision in accord with our opinion. This reliance on semantics does not persuade us. The opinion of the appellate court may be consulted to ascertain the intent of the mandate. *Cherokee Nation v. State of Oklahoma,* 461 F.2d at 678. Our opinion held that the regulation was valid and sustained the Commissioner's assessment of deficiencies based on the inclusion in taxpayers' gross income of increases in corporate earnings invested in United States property. All that remained to be done was the computation of the tax.

The response of Judge Forrester refers to the pending *Lovett* case in the Court of Claims and to the possibility that *Lovett* may produce a decision contrary to ours on the first appeal. The pendency of another case involving a similar issue is of no pertinence. The potential of conflicts among courts of coordinate jurisdiction is not an extraordinary circumstance demanding or requiring our reconsideration of our first opinion.

If the parties deemed the mandate unclear, they could have sought clarification, but they did not do so. If the Tax Court thought the mandate unclear, it could have so stated in its October order, but it did not do so. At the very least the Tax Court could have made a decision which reflected its understanding of the mandate. Again it did not do so. Instead, it has left our mandate unenforced and placed the controversy in a state of limbo.

■ This brings us to the Commissioner's petition for mandamus. In reference to mandamus, the Supreme Court has recently reiterated the rule that " 'only exceptional circumstances amounting to a judicial "usurpation of power" will justify the invocation of this extraordinary remedy.' " *Kerr v. United States District Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 2124, 48 L.Ed.2d 725, 732. Mandamus is proper when a party has no other adequate means to obtain relief and his right to relief is clear and indisputable. Ibid. 426 U.S. at 402, 96 S.Ct. at 2124, 48 L.Ed.2d at 733. Our denial of appealability of the October 9 order under § 7482(a) leaves the Commissioner's sole remedy that of application for an extraordinary writ under 28 U.S.C. § 1651. See also Rule 21, F.R.A.P. The Tax Court had the duty to obey the mandate but did not do so. *Kerr v. United States District Court* recognizes that mandamus may be used to compel a court to exercise authority when it has the duty to do so. Ibid. 426 U.S. at 402, 96 S.Ct. at 2124, 48 L.Ed.2d at 732. See also *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305, and *Roche v. Evaporated Milk Association,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185. We have held that mandamus is the proper remedy to enforce compliance with a mandate. *Lewis, Roca, Scoville & Beauchamp v. Christenson,* 10 Cir., 263 F.2d 536, 537. The Commissioner is entitled to mandamus relief. The Tax Court must comply with our mandate.

The motion for certification of question to the Supreme Court under 28 U.S.C. § 1254 is denied. The Commissioner's direct appeal, No. 75–1919, is dismissed for lack of a final and appealable order. In No. 76–1021 the writ of mandamus is granted. The Tax Court is directed to promptly give effect to our opinion in *Estate of Whitlock v. Commissioner of Internal Revenue,* 494 F.2d 1297. Specifically this means that the taxpayers' liability shall be determined in accordance with the decision of the Tax Court reported at 59 T.C. 490 except that the gross income for the pertinent years shall be increased by those amounts which must be included therein by reason of our

opinion reported at 494 F.2d 1297. The writ shall issue forthwith.

