**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 22, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JOHN THOMAS MINEMYER,

     Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

     Respondent - Appellee.

No. 19-9003

_____

**Appeal from a Decision of the United States Tax Court**
**(CIR No. 22182-10)**

_____

Submitted on the briefs:[*]

John Thomas Minemyer, pro se.

Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Ellen Page DelSole
and Anthony T. Sheehan, Attorneys, Tax Division, United States Department of Justice,
Washington, D.C., for Respondent – Appellee.

_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

     [*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.

John Minemyer, proceeding pro se, appeals two orders from the United States Tax Court. The first order granted the Commissioner of Internal Revenue's ("Commissioner's") Motion for Partial Summary Judgment and denied Minemyer's Motion for Summary Judgment. The second order denied Minemyer's Motion for Reconsideration. Neither order, however, is a final decision by the Tax Court. Further, Minemyer's appeal from those orders did not ripen after the Tax Court issued an opinion, without a "decision," addressing the only remaining claim. Accordingly, we **DISMISS** Minemyer's appeal for lack of appellate jurisdiction.

## I

Minemyer was convicted in the United States District Court for the District of Colorado of one count of willfully attempting to evade taxes under 26 U.S.C. § 7201. Minemyer's conviction was related to the tax year 2000; an additional charge related to the tax year 2001 was dismissed. Pursuant to a plea agreement, Minemyer "agree[d] to pay restitution to the Internal Revenue Service ("IRS") in the amount of all taxes, interest, and penalties due and owing from the tax years 2000 and 2001." ROA at 66. The restitution entered by the district court was to represent "the full amount of the IRS's loss." *Id.* at 72. And the IRS's loss was specified to be $200,981.22. *Id.*; *see also id.* at 70 ("The total loss for both years is $200,981.22."). The district court sentenced Minemyer to twelve months of imprisonment. *Id.* at 51. The district court also ordered Minemyer to pay special assessment of $100, a fine of $25,000, and restitution of $200,981.22, plus interest. *Id.* at 54.

2

Following his conviction and sentencing, the Commissioner sent Minemyer a notice of deficiency and civil fraud penalties for tax years 2000 and 2001. The Commissioner assessed total deficiencies of $197,505 and total penalties of $148,128.75. *Id.* at 17. Minemyer petitioned the Tax Court, asserting that the deficiencies had already been assessed by the district court and that the district court's restitution order included all taxes, penalties, and interest. The Tax Court granted partial summary judgment to the Commissioner, upholding the deficiencies for tax years 2000 and 2001, and also upholding the civil fraud penalty for tax year 2000. The Tax Court also determined that Minemyer's liability for the civil fraud penalty for tax year 2001 "remain[ed] for possible trial." *Id.* at 1693. Minemyer filed a motion for reconsideration, which the Tax Court denied. Minemyer then filed a notice of appeal from the denial of reconsideration.

The Commissioner filed a motion to dismiss Minemyer's appeal, asserting that this court lacked jurisdiction because Minemyer's civil fraud penalty for tax year 2001 had not yet been resolved. During the pendency of this appeal, the Tax Court issued a "Memorandum Findings of Fact and Opinion" in which it concluded that Minemyer was "not liable for the fraud penalty for 2001." Suppl. ROA at 18. The Tax Court concluded that "[a]n appropriate decision will be entered." *Id.* The Tax Court has not yet, however, issued such a decision. We asked the parties to file supplemental briefs addressing several potential bases for our jurisdiction including what, if any, impact the Tax Court's Memorandum Findings of Fact and Opinion had on our jurisdiction. In their supplemental briefing, both parties agreed that the Tax

3

Court's opinion was not a "decision" and thus had no jurisdictional impact. The Commissioner continued to maintain that we lack jurisdiction, while Minemyer argued we have, and have always had, jurisdiction over the two Tax Court orders appealed.

## II

"The United States Courts of Appeals . . . shall have exclusive jurisdiction to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury[.]" 26 U.S.C. § 7482(a)(1). "For a Tax Court's decision to be reviewable, it must be final." *Whitlock's Estate v. C.I.R.*, 547 F.2d 506, 509 (10th Cir. 1976); *see also* 28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . .").

The Circuits are divided over whether § 7482(a)(1) provides jurisdiction where the Tax Court disposes of some, but not all, claims arising from the same proceeding. Under the majority approach, appellate jurisdiction exists over an order disposing of some, but not all, claims if the Tax Court expressly determines that the order is final and that there is no just reason to delay, similar to a Rule 54(b) certification by a district court. *See, e.g.*, *New York Football Giants, Inc. v. C.I.R.*, 349 F.3d 102, 106–07 (3d Cir. 2003); *Nixon v. C.I.R.*, 167 F.3d 920, 920 (5th Cir. 1999) (per curiam); *Shepherd v. C.I.R.*, 147 F.3d 633, 635 (7th Cir. 1998); *Brookes v. C.I.R.*, 163 F.3d 1124, 1128 (9th Cir. 1998). In contrast, the Second and Sixth Circuits have held that appellate jurisdiction exists only once the Tax Court disposes of an entire case.

4

*Estate of Yaeger v. C.I.R.*, 801 F.2d 96, 98 (2d Cir. 1986); *Schrader v. C.I.R.*, 916 F.2d 361, 363 (6th Cir. 1990); *see also Christian v. C.I.R.*, 1993 WL 421646 (4th Cir. Oct. 20, 1993) (unpublished) (per curiam). And the D.C. Circuit has held that appellate jurisdiction exists over an order so long as the order itself is final, regardless whether the Tax Court made a Rule 54(b)-like certification. *InverWorld, Ltd. v. C.I.R.*, 979 F.2d 868, 872 (D.C. Cir. 1992).

We adopt the majority approach and conclude that neither the Tax Court's partial grant of summary judgment nor its denial of reconsideration were immediately appealable decisions. Section 7482 grants the courts of appeals "exclusive jurisdiction to review the decisions of the Tax Court . . . *in the same manner and to the same extent* as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1) (emphasis added). Thus, "we can review decisions by the Tax Court in exactly the same circumstances in which we review decisions by the district courts." *Shepherd*, 147 F.3d at 634. Analogizing appellate jurisdiction over tax court decisions to appellate jurisdiction over district court decisions makes particular sense because a taxpayer may dispute a deficiency in either Tax Court or district court. *See id.* at 634–35 (noting that treatment of tax refund disputes in district court are the "closest counterpart" to deficiency disputes in Tax Court).

Requiring certification by the Tax Court, similar to a Rule 54(b)-certification by a district court, promotes consistency and clarifies the appropriate time for taking an appeal. *Brookes*, 163 F.3d at 1129 ("Treating appellate jurisdiction over the Tax Courts as identical to appellate jurisdiction over district courts greatly simplifies an

already overburdened appellate system and assists in judicial efficiency."); *Shepherd*, 147 F.3d at 635 (certification requirement reduces uncertainty regarding finality). Further, the Tax Court, rather than this court, is the proper "gatekeeper" in determining the impact of an immediate appeal. *See New York Football Giants*, 349 F.3d at 108 ("The Tax Court, like the district courts, enjoys a familiarity with the underlying case that the courts of appeals do not—particularly with respect to whether, in the interest of sound judicial administration[,] there is no just reason for delay.") (internal quotations omitted).

Here, the Tax Court's partial grant of summary judgment, as well as its denial of reconsideration, left unresolved the 2001 civil fraud penalties. Further, the Tax Court did not certify the finality of its orders or the potential injustice of any delay. Thus, those orders were not immediately appealable.

We recognize, as have other Circuits following the majority approach, that the Rules of Practice and Procedure of the United States Tax Court do not contain a counterpart to Rule 54(b) of the Federal Rules of Civil Procedure. Yet, Rule 1(b) of the Rules of Practice and Procedure of the United States Tax Court provides that "[w]here in any instance there is no applicable rule of procedure, the [Tax] Court . . . may prescribe the procedure, giving particular weight to the Federal Rules of Civil Procedure to the extent that they are suitably adaptable to govern the matter at hand." Accordingly, absence of a Federal Rule of Civil Procedure 54(b) counterpart does not preclude the Tax Court from making a similar certification pursuant to Tax Rule 1(a). *See, e.g.*, *Shepherd*, 147 F.3d at 635.

6

The D.C. Circuit reasoned that the phrase "in the same manner and to the same extent" in § 7482(a)(1) "was intended only to alter the *scope* of review," and not the *availability* of review. *InverWorld*, 979 F.2d at 874 (emphasis in original). In doing so, the D.C. Circuit relied on the legislative history for § 7482. Yet, even if that phrase was only intended to restrict our scope of review, we see no reason why § 7482(a)(1) should restrict (or expand) the availability of review of Tax Court decisions compared to district court decisions. Indeed, this court has previously analogized the finality requirement under § 7482(a)(1) to that under § 1291. *Whitlock's Estate*, 547 F.2d at 509.

The D.C. Circuit also reasoned that a certification should not be required because "Rule 54(b) does not 'create' finality under § 1291 where it does not *already* exist[;] it merely allows a district court formally to decree a decision final and to determine which final decisions in a consolidated proceeding are subject to immediate appeal." *InverWorld*, 979 F.2d at 874 (emphasis in original). The D.C. Circuit correctly observed that Rule 54(b) did not relax the finality requirement; rather, Rule 54(b) "was designed to relax the 'single judicial unit' theory which had required all claims in an action to be disposed of before any claim could be reviewed." *Id.* at 875; *see also Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956) (holding that Rule 54(b) "does not relax the finality required of each decision, as an individual claim, to render it appealable, but it does provide a practical means of permitting an appeal to be taken from one or more final decisions on individual claims, in multiple claims actions, without waiting for final decisions to be rendered

7

on all the claims in the case."). Yet, we see no reason why the "single judicial unit" theory should be any different in Tax Court than in district court, including the requirement of a Rule 54(b) certification. In short, without a finding by the Tax Court that its partial grant of summary judgment was final and that there was no just reason to delay, similar to a Rule 54(b) certification, the Tax Court's partial grant of summary judgment and denial of reconsideration were not immediately appealable.[1]

## III

Nor did the Tax Court's partial grant of summary judgment become appealable following the Tax Court's "Memorandum Findings of Fact and Opinion" regarding the 2001 civil fraud penalty. The Tax Court's Memorandum Findings of Fact and Opinion did not include any order or decision by the Tax Court. In fact, the Memorandum Findings of Fact and Opinion specified that "[a]n appropriate decision will be entered." Suppl. ROA at 18.[2]

Accordingly, the Memorandum Findings of Fact and Opinion was not a "decision" within the meaning of the Internal Revenue Code. Indeed, the Code, Tax Court Rules, and Supreme Court caselaw all distinguish a Tax Court's "reports" from

---

[1] In addition to adopting the Seventh Circuit's holding in *Shepherd*, we also echo that court's concern that the ongoing circuit split could "easily be ended through the rulemaking process in one of two ways." 147 F.3d at 636. "One is for the Tax Court, using its explicit rulemaking power, to adopt a version of Rule 54(b) as a rule of that court. Another is for the Supreme Court to use its rulemaking power to amend the Federal Rules of Appellate Procedure to provide explicitly for appeals from Tax Court decisions that meet the criteria of Rule 54(b)." *Id.*

[2] To date, no decision has been entered.

8

its "decisions." For example, 26 U.S.C. § 7459(b) explains that a "report" shall include the Tax Court's "findings of fact or opinion or memorandum opinion." Section 7459(c) then separately describes a "decision," which is "rendered upon the date that an order specifying the amount of deficiency is entered in the records of the Tax Court . . . ." Tax Court Rule 161 describes motions to reconsider "an opinion or findings of fact," whereas Tax Court Rule 162 separately describes motions to "vacate or revise a decision." Tax Court Rule 163 further distinguishes opinions from decisions by prohibiting the joinder of Rule 161 and Rule 162 motions. And, the Supreme Court has distinguished the proposed findings and opinion, which may be made by a special trial judge, from a "decision," which may only be made by a Tax Court judge. *Freytag v. C.I.R.*, 501 U.S. 868, 876–77 (1991); *see also* 26 U.S.C. § 7443A(b)(7), (c) (permitting special trial judges to hear "any other proceeding which the chief judge may designate" but prohibiting a special trial judge from "mak[ing] the decision of the court with respect to [such a] proceeding . . . .").

Thus, the pending claim regarding the 2001 civil fraud penalty is no more final at this time than it was when Minemyer filed his notice of appeal. And because that claim has not been adjudicated, Minemyer's appeal of the Tax Court's partial summary judgment order has not ripened. *See Lewis v. B.F. Goodrich, Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc) (holding that a premature notice of appeal ripens "when a district court has adjudicated all remaining outstanding claims before this appellate court acts to dismiss the appeal").

9

**IV**

Accordingly, we **DISMISS** Minemyer's appeal for lack of appellate

jurisdiction.  We DENY the Commissioner's pending motion to dismiss as moot.