**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**June 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

| | |
|---|---|
| ALLEN R. DAVISON, a/k/a Allen Reed Davison, II, | |
| Petitioner - Appellant, | |
| v. | No. 20-9002 |
| | (CIR No. 014765-15L) |
| COMMISSIONER OF INTERNAL REVENUE, | (United States Tax Court) |
| Respondent - Appellee. | |

### ORDER AND JUDGMENT[*]

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.

Allen R. Davison appeals pro se a Tax Court decision holding him liable for

penalties under Internal Revenue Code § 6700.  Because Davison did not file a notice

of appeal following the Tax Court's decision and we decline to give effect to his

previously filed premature notice of appeal, we dismiss his appeal for lack of

appellate jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.      **Background**

Davison is a lawyer and formerly a certified public accountant.  From 1999 to 2010, he was the key legal and tax planning advisor to Cash Management Systems (CMS).  CMS marketed so-called "tool plan" tax shelters to companies with employees who supply their own tools.  A tool plan purports to recharacterize part of an employee's existing wages as "tool pay" that is fully or partially tax exempt.  Davison provided advice about the tax benefits of CMS's tool plans in written memoranda, and he prepared executive summaries that were provided to CMS's customers.  He also reviewed CMS's marketing materials.

In June 2014, the IRS assessed penalties against Davison of $18,000 each for 2009 and 2010 under 26 U.S.C. § 6700, which authorizes penalties for the promotion of abusive tax shelters, *see Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1249 (10th Cir. 1989).  The assessed penalties represented 50% of the fees that CMS paid Davison for those years.  Davison also consented to an injunction permanently enjoining him from promoting tool plans or advising customers that tool plans are consistent with the tax laws.

After the IRS issued a notice of determination, Davison timely petitioned the Tax Court for review.  To establish Davison's liability, the Commissioner needed to prove that Davison (1) organized (or assisted in the organization of) an entity, investment plan or any other arrangement, or participated (directly or indirectly) in the sale of any interest in an entity, investment plan, or any other arrangement, and (2) made material statements concerning the tax benefits to be derived from that

entity, plan, or arrangement that Davison knew or had reason to know were false.

*See* 26 U.S.C. § 6700(a). Following a trial, the Tax Court issued its Memorandum

Findings of Fact and Opinion (MFFO) on May 14, 2020. It found that the

Commissioner had proven both elements for liability under § 6700 and that the

penalties were properly assessed and correctly calculated. The MFFO indicated that

a "[d]ecision will be entered for respondent." Aplee. App., Vol. 6 at 1349.

Davison filed a notice of appeal (NOA) on June 1, 2020. The Commissioner

moved to stay briefing in the appeal, asserting that Davison's NOA was premature

because the Tax Court had not yet entered a decision in the case. The Commissioner

took the position (which he now disavows) that Davison's NOA would automatically

ripen upon issuance of a final decision by the Tax Court. Meanwhile, Davison had

not submitted several of the required preliminary filings in this court. We took the

Commissioner's motion under advisement, but we suspended briefing in the appeal

and ordered Davison, by July 13, 2020, to file his docketing statement and either pay

the filing fee or move to proceed without prepayment of costs and fees (ifp motion),

warning that his appeal may be dismissed if he failed to do so. We advised Davison

that, upon his compliance with these requirements, he could also file a response to

the Commissioner's motion, in which he should address whether his appeal should be

dismissed for lack or jurisdiction or abated pending further action by the Tax Court.

Davison did not comply. Following a deficiency notice, he submitted only a

deficient brief. We then ordered Davison to comply with the court's requirements by

August 3, 2020, again warning that his appeal may be dismissed. He filed only a

deficient ifp motion. Finally, after giving Davison another week to comply and his failure to do so, we dismissed his appeal for failure to prosecute on August 18, 2020, and issued the mandate. Davison submitted a motion to reconsider the dismissal on September 21, 2020, which we received but did not file, subject to his filing a docketing statement and a response to the Commissioner's motion to stay briefing. He took no action at that time.

The Tax Court entered its decision in Davison's case on March 5, 2021 (Decision). He did not file a new NOA in the Tax Court. He instead moved in this court on July 6, 2021, to reinstate his appeal. Davison stated (inaccurately, based upon his September 2020 motion to reconsider) that he had learned in May 2021 that his appeal had been dismissed. He also claimed that his legal blindness made it difficult to comply with procedural requirements. We declined to rule on Davison's motion until he had filed his docketing statement and an ifp motion. After filing his docketing statement and submitting the appellate filing fee, he renewed his motion to reinstate the appeal on August 23, 2021. We granted the motion, recalled our mandate, and reinstated Davison's appeal. But in a separate order, we directed the parties to brief whether the Tax Court's May 14, 2020, MFFO was an appealable decision, and if not, whether the appeal ripened following the Tax Court's Decision on March 5, 2021.

## II.    Discussion

We hold that the Tax Court's MFFO was not an appealable decision and that Davison's NOA, which he filed before the Tax Court's Decision, was therefore

4

premature.  Although we have discretion to give effect to Davison's premature NOA, we decline to do so for the reasons explained in this order and judgment.  And because Davison failed to file an NOA within 90 days of the Tax Court's Decision, we lack jurisdiction over his appeal.  *See Okon v. C.I.R.*, 26 F.3d 1025, 1026-27 (10th Cir. 1994) (dismissing appeal for lack of jurisdiction where NOA was not timely filed under 26 U.S.C. § 7483 and Fed. R. App. P. 13(a)); *see also Bowles v. Russell*, 551 U.S. 205, 209-13 (2007) (holding that statutory time limits for taking an appeal are "mandatory and jurisdictional," *id.* at 209 (internal quotation marks omitted)).

### A.    The Tax Court's MFFO was not a Final, Appealable Decision and Davison's NOA was Premature

We recently held in *Minemyer v. C.I.R.*, 995 F.3d 781, 785 (10th Cir. 2021), that the Tax Court's MFFO was not a final decision.  Similar to the MFFO in this case, the MFFO in *Minemyer* specified that "an appropriate *decision* will be entered." *Id.* (emphasis added, brackets and internal quotation marks omitted).  In concluding that the MFFO "was not a 'decision' within the meaning of the Internal Revenue Code," we considered the definitions of "decision" and "report" in the Code.  *Id.*  We noted that "a 'report' [is defined to] include the Tax Court's findings of fact or opinion or memorandum opinion," and that "the Code, Tax Court Rules, and Supreme Court caselaw all distinguish a Tax Court's 'reports' from its 'decisions.'" *Id.*  We therefore dismissed the appeal for lack of appellate jurisdiction because the Tax Court had not yet issued a decision in that case.  *Id.* at 785 & n.2.

5

Davison advances conflicting arguments:  (1) that the MFFO was a final, appealable decision,[1] *and* (2) that his NOA was premature.  But he does not distinguish our ruling in *Minemyer*, under which the Tax Court's MFFO in this case was not a final, appealable decision.  Davison's NOA filed before the Tax Court's Decision was therefore premature.

## B.     We Have Discretion to Give Effect to a Premature NOA in a Tax Court Appeal

Federal Rule of Appellate Procedure 4(a)(2) provides that a prematurely filed NOA will ripen upon the entry of a final judgment by a district court.  *See* Fed. R. App. P. (4)(a)(2) ("A notice of appeal filed after the court announces a decision or order--but before the entry of the judgment or order--is treated as filed on the date of and after the entry.").  But Federal Rule of Appellate Procedure 14 excludes Rule 4 from the appellate rules that govern Tax Court appeals.  *See* Fed. R. App. P. 14 ("All provisions of these rules, *except Rules 4*, 6-9, 15-20, and 22-23, apply to appeals from the Tax Court." (emphasis added)).  And Federal Rule of Appellate Procedure 13, which specifically governs Tax Court appeals, does not include a provision the same as or similar to Rule 4(a)(2) with regard to the ripening of a premature NOA.  *See* Fed. R. App. P. 13.  Thus, there is no court rule providing that a premature NOA

---

[1] Davison maintains that the Commissioner treated the Tax Court's MFFO as final and enforceable by engaging in collection efforts.  But he does not provide any citation to the record, nor does he clarify whether any collection efforts predated the Tax Court's issuance of its Decision on March 5, 2021.  In any event, the Commissioner has consistently taken the position in this court that the MFFO was not a final, appealable decision and that Davison's NOA was premature.

from a Tax Court ruling will ripen upon the entry of a final decision. The question, then, is whether, in the absence of such a Rule, this court still has discretion to give effect to a premature NOA filed before the Tax Court has issued a decision. We hold that we do.

The Supreme Court has recognized that Rule 4(a)(2) "was intended to codify a general practice in the courts of appeals of deeming certain premature notices of appeal effective." *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 273 (1991). The Court explained that "[t]he Rule recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal." *Id.* Citing the Rule's Advisory Committee notes and the cases cited therein, the Court concluded it "was intended to protect the unskilled litigant who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." *Id.* at 276.

This court was among those that had a practice, before Rule 4(a)(2), of deeming certain premature notices of appeal to be effective. In *Morris v. Uhl & Lopez Eng'rs, Inc.*, 442 F.2d 1247, 1250-51 (10th Cir. 1971), we recognized our authority to refuse to dismiss an appeal on the ground that the NOA was premature. The appellant in that case had filed his NOA after the entry of judgment against him but while other claims in the case remained pending. *Id.* at 1250. The appellees moved to dismiss the appeal for lack of jurisdiction. *Id.* But we chose to exercise

7

jurisdiction, and while the appeal remained pending, the district court entered a final judgment. The appellant did not file a new NOA at that time. *Id.* We explained our decision to deny the appellees' motion to dismiss the appeal:

> In our view, the notice of appeal had capacity in the circumstances to provide jurisdictional basis that would entitle this Court to refuse, as it did, to make dismissal of the appeal out-of-hand and to allow the notice to ripen into full effectiveness as to the rendered judgment, since it seemed apparent that the judgment would remain unchanged in its form and content; that its lack of technical formal finality would become dispelled in natural course and within a not undue period of time; and that no prejudice could result to any one from so dealing with the notice.
>
> . . .
>
> We accordingly hold that this Court properly could refuse at the time to dismiss the appeal on the notice that was filed; that it had the right to continue the notice in effect, to retain jurisdiction of the appeal thereunder in the natural ripening of the judgment into formal finality, and to deal with the merits of the appeal thereon unless intervening elements or events should give defeasance to the effect or application of the notice; and that the present renewed motion of [the appellees] for dismissal should be and hereby is overruled.

*Id.* at 1250-51; *see also Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (reaffirming *Morris* after promulgation of Rule 4(a)(2)).

We have not explicitly recognized our discretion to recognize a premature NOA from the Tax Court. The Ninth Circuit did so in *Feistman v. C.I.R.*, 587 F.2d 941, 943 (9th Cir. 1978) (stating in Tax Court appeal that "[t]his court has said that recognition of premature notices of appeals is within the court's discretion."). We agree that our authority to give effect to a premature NOA extends to an appeal from the Tax Court.

#### C.    We Decline to Exercise our Discretion to Give Effect to Davison's Premature NOA

In *Feistman*, the court stated it would not exercise its discretion to recognize a premature NOA "unless equity dictates we should." *Id.*  And it declined to do so in that case because the Tax Court clerk had notified the taxpayers, after the court issued its decision, that their first NOA was premature and that they needed to file a new NOA within 90 days of the final decision.  *Id.* at 942-43.  We agree that, while we have discretion to recognize a premature NOA, we are not obligated to do so.  And we decline to do so in this case.

As we have noted, the Commissioner originally took the position that Davison's premature NOA would ripen upon the Tax Court's issuance of a decision, apparently on the assumption that his appeal would remain pending until entry of the Tax Court's Decision.  But the Commissioner now asserts that Davison's NOA did not ripen because his appeal had already been dismissed for failure to prosecute in August 2020, well before the Tax Court issued its Decision on March 5, 2021.  Davison does not address this issue.  We agree with the Commissioner.

In *Morris*, we concluded we "had the right to continue the [premature] notice in effect, to retain jurisdiction of the appeal thereunder in the natural ripening of the judgment into formal finality . . . unless intervening elements or events should give defeasance to the effect or application of the notice."  442 F.2d at 1250-51.  Defeasance, most generally, means "[a]n annulment or abrogation."  *Defeasance*, Black's Law Dictionary (11th ed. 2019).  In *Lewis*, we cited the reasoning in *Morris*

9

when applying Rule 4(a)(2), and we stated that the court "will consider [an] appeal on its merits rather than dismiss for lack of jurisdiction" "when a district court has adjudicated all remaining outstanding claims *before this appellate court acts to dismiss the appeal*." 850 F.2d at 645 (emphasis added).

In contrast to the facts in *Morris*, we did not retain jurisdiction in Davison's appeal until the Tax Court issued its Decision. We instead dismissed the appeal based on Davison's failure to prosecute almost seven months before the Tax Court's Decision. That dismissal was an event that intervened to "give defeasance to the effect or application of the notice." *Morris*, 442 F.2d at 1251. Moreover, although we chose to recall the mandate and reinstate Davison's appeal, the equities do not dictate that we now recognize his premature NOA. *See Feistman*, 587 F.2d at 943. Despite Davison's assertions otherwise, he is not, by analogy, like "the unskilled litigant" described in *FirsTier Mortg.*, 498 U.S. at 276. Although he is proceeding pro se, he is an attorney. *Cf. Mann v. Boatright*, 477 F.3d 1140, 1148 & n.4 (10th Cir. 2007) (declining to apply the same liberality to a pro se pleading filed by a licensed attorney). Additionally, the Tax Court's MFFO explicitly stated that a "[d]ecision will be entered," Aplee. App., Vol. 6 at 1349, signaling that the MFFO was not the court's decision. The Commissioner's motion to stay briefing in the appeal likewise alerted Davison that his NOA was premature. Yet long after we dismissed his appeal for failure to prosecute, he did not file a new NOA when the Tax Court eventually issued its Decision. He had 90 days from March 5, 2021, to do so. *See* 26 U.S.C. § 7483; Fed. R. App. P. 13(a)(1)(A). Davison did not even seek to

10

reopen this appeal within that 90-day period; rather, he filed his first motion on July 6, once again without the preliminary filings we ordered him to complete before dismissing his appeal the previous year. Under these circumstances, Davison cannot reasonably but mistakenly believe that his premature NOA remains effective. *Cf. FirsTier Mortg.*, 498 U.S. at 276 (noting that Rule 4(a)(2) "was intended to protect the unskilled litigator who files a notice of appeal from a decision that he reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment").

## III.    Conclusion

We dismiss Davison's appeal for lack of appellate jurisdiction.

Entered for the Court


Allison H. Eid
Circuit Judge

11