FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 29, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MICHAEL J. WATSON; TRACEY L.
WATSON; WATSON INSURANCE
COMPANY; WATSON FAMILY
INSURANCE COMPANY; WATSON
METALS,

     Petitioners - Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent - Appellee.

No. 23-9001
(CIR No. 12220-21, 12223-21, 17350-21,
30612-21, 30613-21, and 30615-21)
(U.S. Tax Court)

_____

**ORDER** *

_____

Before **CARSON**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.**

_____

Petitioners Michael J. and Tracey L. Watson, the Watson Family Insurance

Company, and the Watson Insurance Company filed separate but similar motions to

_____

    * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    ** After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

dismiss for lack of jurisdiction before the United States Tax Court.[1]  The Tax Court

consolidated the cases and denied Petitioners' motions to dismiss.  Petitioners filed

an interlocutory appeal seeking immediate review of the Tax Court's denial.  But

before we may review an interlocutory decision from the Tax Court, we must first

examine our own jurisdiction.  Because we lack appellate jurisdiction to review the

Tax Court's non-dispositive order in this case, we dismiss the appeal.

## I.

In each case, we must ensure the existence of jurisdiction—"first, of this court,

and then of the court from which the record comes."  Steel Co. v. Citizens for a

Better Env't, 523 U.S. 83, 94 (1998) (quoting Great Southern Fire Proof Hotel Co. v.

Jones, 177 U.S. 449, 453 (1900)).  Without appellate jurisdiction, we cannot proceed

to the merits of the appeal, even if the merits include a jurisdictional challenge.  In re

Lang, 414 F.3d 1191, 1195 (10th Cir. 2005).

## II.

Under I.R.C. § 7482(a)(1), we have jurisdiction to review the Tax Court's

decisions "in the same manner and to the same extent as decisions of the district

---

[1] The Commissioner of Internal Revenue sent Petitioners notices of deficiency for multiple tax years.  When a taxpayer believes a deficiency notice is inaccurate— to avoid collection efforts by the Internal Revenue Service—he or she must petition the Tax Court for a redetermination of the deficiencies.  I.R.C. § 6213(a) (West).  But the Tax Court only has jurisdiction over valid deficiency notices.  Estate of Davenport v. Comm'r, 184 F.3d 1176, 1182 n.2 (10th Cir. 1999) (citing Miles Prod. Co. v. Comm'r, 987 F.2d 273, 275 (5th Cir. 1993)); see also I.R.C. §§ 6212–6214. So here, Petitioners petitioned the Tax Court to prevent collections and then sought dismissal for lack of jurisdiction based on invalid deficiency notices.

courts in civil actions tried without a jury."[2]  Generally, we may review only the Tax

Court's final decisions.[3]  Minemyer v. Comm'r, 995 F.3d 781, 783 (10th Cir. 2021)

(quoting Whitlock's Est. v. Comm'r, 547 F.2d 506, 509 (10th Cir. 1976)); see also

28 U.S.C. § 1291 ("The courts of appeals . . . shall have jurisdiction of appeals from

all final decisions of the district courts of the United States . . .").  A final decision

"ends the litigation on the merits and leaves nothing for the court to do but execute

the judgment."  Luna-Garcia v. Holder, 777 F.3d 1182, 1185 (10th Cir. 2015)

(quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).

Petitioners contend that we have jurisdiction because the Tax Court denied

their potentially dispositive motions to dismiss.  But it is well-established, in cases

before the district courts, that the denial of a motion to dismiss—even one based

upon jurisdictional grounds—is not a final decision subject to immediate appellate

---

[2] Petitioners incorrectly assert that we have appellate jurisdiction under I.R.C. § 7481(c).  Section 7481(c) addresses the Tax Court's jurisdiction over motions for redetermination of the amount of interest after the Tax Court issues a final decision. Id.

Petitioners also assert incorrectly that we have appellate jurisdiction under Federal Rules of Civil Procedure 3 and 4.  Rule 3 addresses how an individual may commence a civil action before the district court.  Fed. R. Civ. P. 3.  Rule 4 governs the issue and service of summons.  Fed. R. Civ. P. 4.  Neither relates to appellate jurisdiction.

[3] Under I.R.C. § 7482(a)(2)(A), we have discretion to review a Tax Court's order on interlocutory appeal when the order contains a certification that "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation."  The Tax Court's order here does not contain the requisite certification.

review.  Eastwood v. Dep't of Corr., 846 F.2d 627, 629 (10th Cir. 1988) (citing

28 U.S.C. § 1291); see also Catlin, 324 U.S. at 236 ("[A] denial of a motion to

dismiss, even when the motion is based upon jurisdictional grounds, is not

immediately reviewable.").  "By its very nature, the decision to deny a motion to

dismiss is not final; rather than ending the litigation, it is a decision that [the

litigation] will continue."  Conrad v. Phone Directories Co. Inc., 585 F.3d 1376, 1380

(10th Cir. 2009) (citing Hatten-Gonzales v. Hyde, 579 F.3d 1159, 1166 (10th Cir.

2009)).  And because we review the Tax Court's decisions "in exactly the same

circumstances in which we review decisions by the district courts," we conclude that

the Tax Court's order denying Petitioners' motions to dismiss is not final.  See

Minemyer, 995 F.3d at 783 (quoting Sheperd v. Comm'r., 147 F.3d 633, 634

(7th Cir. 1998)).

Petitioners also assert that we have jurisdiction based on the collateral order

doctrine.  But that argument lacks merit.  For the collateral order doctrine to apply,

the order must (1) conclusively determine the disputed question, (2) resolve an

important issue completely separate from the merits, and (3) be effectively

unreviewable on appeal from a final judgment.  Gray v. Baker, 399 F.3d 1241, 1245

(10th Cir. 2005) (citing Midland Asphalt Corp. v. United States, 489 U.S. 794, 799

(1989)).  The Supreme Court consistently has held that "the denial of a claim of lack

of jurisdiction is not an immediately appealable collateral order" because the denial

is effectively reviewable on appeal after the district court (or, in this instance, the

4

Tax Court) enters a final judgment.[4]  E.g., <u>Van Cauwenberghe v. Biard,</u> 486 U.S.

517, 527 (1988) (citing <u>Catlin</u>, 324 U.S. at 236).  So Petitioners have not established

jurisdiction under the collateral order doctrine, nor have Petitioners met their burden

in establishing appellate jurisdiction.

 APPEAL DISMISSED.


        Entered for the Court


        Joel M. Carson III
        Circuit Judge

---

[4] Petitioners still claim that the Ninth Circuit's decision in <u>Scar v. Comm'r</u>, 814 F.2d 1363 (9th Cir. 1987), demonstrates that the Tax Court's denial of a motion to dismiss is effectively unreviewable on appeal after a final decision.  But <u>Scar</u>, in our view, supports the opposite conclusion.  <u>Id.</u> at 1366.  There, Scar moved to dismiss for lack of jurisdiction, which the Tax Court denied.  <u>Id.</u> at 1365–66.  The case then proceeded before the Tax Court, which entered a final judgment against Scar.  <u>Id.</u> at 1366.  On appeal, the Ninth Circuit reviewed the denial of Scar's Tax Court motion to dismiss for lack of jurisdiction.  <u>Id.</u> at 1370.  But the Ninth Circuit did so *after* the Tax Court issued a final decision.  <u>Id.</u>  The court, therefore, never addressed appellate jurisdiction.  <u>Id.</u>  So <u>Scar</u> supports the premise that we may effectively review the Tax Court's denial of a motion to dismiss for lack of jurisdiction on appeal from a final decision.  <u>Id.</u>  Our precedent similarly demonstrates that we may effectively review the denial of a motion to dismiss for lack of jurisdiction *after* the entry of a final judgment by the Tax Court.  E.g., <u>Katz v. Comm'r</u>, 335 F.3d 1121, 1125 (10th Cir. 2003) (reviewing the Tax Court's denial of petitioner's motion to dismiss for lack of jurisdiction after the Tax Court issued a final decision).